# EXHIBIT 2

JAURIGUE LAW GROUP
Michael J. Jaurigue (SBN 208123)
  michael@jlglawyers.com
Abigail A. Zelenski (SBN 228610)
  abigail@jlglawyers.com
David Zelenski (SBN 231768)
  david@jlglawyers.com
Ryan A. Stubbe (SBN 289074)
  ryan@jlglawyers.com
114 North Brand Boulevard, Suite 200
Glendale, California 91203
Telephone: (818) 630-7280
Facsimile: (888) 879-1697

*Attorneys for Plaintiff*

E-FILED
11/14/2016 2:02:26 PM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA,
County of Santa Clara
16CV302647
Reviewed By:R. Walker

# SUPERIOR COURT OF CALIFORNIA

# FOR THE COUNTY OF SANTA CLARA

AN PHAN, as an individual and on behalf of all others similarly situated,

  Plaintiff,

  v.

AGODA COMPANY PTE. LTD., a Singapore private limited liability company; AGODA INTERNATIONAL USA INC., a Delaware corporation; THE PRICELINE GROUP INC., a Delaware corporation; and DOES 1 through 50,

  Defendants.

Case No. 16CV302647

**CLASS-ACTION COMPLAINT**

Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. Plaintiff AN PHAN ("Phan") brings this class action on behalf of himself and all others similarly situated against Defendants AGODA COMPANY PTE. LTD. ("Agoda"), a Singapore private limited liability company; AGODA INTERNATIONAL USA INC. ("Agoda USA"), a Delaware corporation; THE PRICELINE GROUP, INC. ("Priceline"), a Delaware corporation; and DOES 1 through 50 pursuant to section 382 of the California Code of Civil Procedure.

2. As alleged below, Defendants have violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, through their unauthorized contact of consumers on the consumers' cellular telephones. Specifically, Defendants have violated the TCPA by sending unsolicited text messages without prior express written consent, invading their right to privacy.

3. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff and Class Members are entitled to, *inter alia*, statutory damages and injunctive relief for Defendants' violations.

## JURISDICTION AND VENUE

4. *Jurisdiction*. Federal and state courts have concurrent jurisdiction over suits arising under the TCPA. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012). This Court therefore has subject-matter jurisdiction of Plaintiff's cause of action. Furthermore, this Court has personal jurisdiction over Defendants because, as alleged below, they have purposefully availed themselves of the resources and protections of California, and conduct business and have systematic contacts within the County of Santa Clara, State of California.

5. *Venue*. As alleged more particularly below, venue is proper in the County of Santa Clara in accordance with section 395(a) of the California Code of Civil Procedure because the events, omissions, and/or injuries giving rise to Plaintiff's cause of action against Defendants occurred within the County of Santa Clara, State of California.

## PARTIES

6. Plaintiff Phan is, and at all times relevant to this action was, a California resident of the County of Santa Clara. He is, and at all times relevant to this action was, a "person" as defined under 47 U.S.C. § 153.

7. Plaintiff is informed and believes, and based thereon alleges, that Defendant Agoda is a

Singapore private limited liability company with its principal place of business located at 30 Cecil Street, Prudential Tower #19-08, Singapore 049712. Plaintiff is further informed and believes, and based thereon alleges, that Agoda is, and at all times relevant to this action was, a "person" as defined under 47 U.S.C. § 153.

8. Plaintiff is informed and believes, and based thereon alleges, that Defendant Agoda USA is a Delaware corporation with its principal place of business located at 350 Fifth Avenue, Empire State Building, 47th Floor, Suite 4700, New York, New York 10118. Plaintiff is further informed and believes, and based thereon alleges, that Agoda USA is, and at all times relevant to this action was, a "person" as defined under 47 U.S.C. § 153.

9. Plaintiff is informed and believes, and based thereon alleges, that Defendant Priceline is a Delaware corporation with its principal place of business located at 800 Connecticut Avenue, Norwalk, Connecticut 06854. Plaintiff is further informed and believes, and based thereon alleges, that Priceline is, and at all times relevant to this action was, a "person" as defined under 47 U.S.C. § 153.

10. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50, and he therefore sues them under those fictitious names pursuant to section 474 of the Code of Civil Procedure. Plaintiff is informed and believes, and based thereon alleges, that each of the acts and omissions alleged herein was performed by, or is attributable to, Agoda, Agoda USA, Priceline, and DOES 1 through 50, with each acting as the agent for the others, with each having the legal authority to act on the others' behalves, and with each ratifying every act or omission complained of herein. Plaintiff is further informed and believes, and based thereon alleges, that each Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts and omissions of the other Defendants in proximately causing the damages alleged. Similarly, Plaintiff is informed and believes, and based thereon alleges, that the acts and omissions of each Defendant were in accordance with, and represent, the official policy and practice of all Defendants. Plaintiff will amend the Complaint to allege the true names and capacities of DOES 1 through 50 when such names and capacities have been ascertained.

## *GENERAL ALLEGATIONS*

11. Plaintiff is informed and believes, and based thereon alleges, that Agoda is a leading

online accommodation-reservation service. Through Agoda's website—agoda.com—and Agoda's cellular-telephone application, consumers can book hotel reservations around the world, including in California. Agoda has established a widely used and recognized e-commerce brand through aggressive marketing and promotion campaigns.

12. Plaintiff is informed and believes, and based thereon alleges, that Agoda USA is wholly owned by, and affiliated with, Agoda for the purpose of carrying out Agoda's business operations in the United States.

13. Plaintiff is informed and believes, and based thereon alleges, that Priceline wholly owns Agoda.

14. Plaintiff is informed and believes, and based thereon alleges, that, when booking a hotel reservation through agoda.com, all consumers must provide their name, e-mail address, cellular-telephone number, and country of residence.

15. Plaintiff is informed and believes, and based thereon alleges, that, after completing a booking, all consumers receive a text message stating: "Good news! Your Agoda booking [number] is confirmed. Manage your booking with our free app."

16. Defendants' "app" is available on iPhone, Windows Phone, and Android devices. Consumers have the ability to book hotel reservations through Defendants' app.

17. By encouraging consumers to use Defendants' app, they are marketing to consumers through the text message.

### *ALLEGATIONS CONCERNING PLAINTIFF'S EXPERIENCE*

18. On or about November 4, 2016, Plaintiff booked three separate hotel reservations through agoda.com.

19. On or about November 10, 2016, Plaintiff booked an additional hotel reservation through agoda.com.

20. For each of the four reservations, Plaintiff provided his cellular telephone number, (408) xxx-7689, as required by the website.

21. Within minutes after completing each of his four reservations, Plaintiff received four separate text messages from Defendants. Each of the text messages stated: "Good news! Your Agoda

booking [number] is confirmed. Manage your booking with our free app."

22. On November 10, 2016, immediately after receiving the text message referenced in paragraph 21, Plaintiff received an additional text message from Defendants. The additional text message contained the agoda.com logo, the text "App download," and a hyperlink to app-agoda.com.

23. Plaintiff had never given any signed authorization to anyone expressly permitting Defendants, or anyone acting on their behalves, to use his cellular-telephone number for telemarketing or advertising purposes.

24. As is apparent from the content of the text messages referenced in paragraph 21, they were sent without an emergency purpose; instead, they advertise Defendants' cellular-telephone app.

25. The 408 area-code prefix for Plaintiff's cellular-telephone number is a Santa Clara County, California area code.

26. Plaintiff's cellular-telephone number is linked to a subscription plan under which he is charged each month for cellular-telephone and data services.

27. Plaintiff is informed and believes, and based thereon alleges, that the text messages referenced in paragraph 21 were sent by Defendants, and that Defendants controlled and were responsible for both the content and delivery of the messages; alternatively, the messages were sent by at least one of the Defendants acting at the direction of the other Defendants to send the messages or to generally conduct promotional activities, with the other Defendants' full knowledge and consent, and to the benefit of all Defendants.

28. Plaintiff is informed and believes, and based thereon alleges, that his cellular-telephone number was entered into a database and that Defendants used equipment capable of storing and/or producing telephone numbers, as well as capable of dialing such numbers, to send the above-referenced text messages to Plaintiff.

29. Plaintiff is informed and believes, and based thereon alleges, that Defendants, working together pursuant to the arrangement alleged in paragraph 27, sent the above-referenced text messages, as well as thousands of similar text messages, *en masse* to the cellular telephones of members of the general public using the equipment referenced in paragraph 28. Plaintiff is further informed and believes, and based thereon alleges, that the text messages were sent even though Defendants never

obtained signed authorizations expressly permitting advertising or telemarketing messages from any of the individuals to whom the messages were sent.

## *CLASS-ACTION ALLEGATIONS*

30. Plaintiff seeks to represent the following Class under section 382 of the Code of Civil Procedure: All persons throughout the United States who, since October 16, 2013, received at least one text message from Defendants on their cellular telephones.

31. Plaintiff reserves the right to amend or modify the proposed Class, or to propose subclasses or limitations to particular issues, in response to facts later ascertained.

32. *Numerosity.* The identities of Class Members may be ascertained from Defendants' own business and marketing records, as well as the records of Defendants' telephone provider(s). Joinder of all Class Members would be impracticable due to the sizeable number of such Members and their likely lack of resources to initiate individual claims. Plaintiff estimates that thousands of text messages were sent to well-over the forty individuals required for numerosity purposes. Also, as explained below, the amount that is owed to any given Class Member under the TCPA is relatively small, making it impractical for them to bring their own individual suits.

33. *Commonality.* There are questions of law and fact that are common to the Class that predominate over any questions affecting only individual Class Members. These common questions include, without limitation:

a) Whether the text messages constitute telemarketing or advertising within the meaning of the TCPA and its regulations (quoted below);

b) Whether the equipment used to send the text messages constitutes an automatic telephone dialing system within the meaning of the TCPA and its regulations;

c) Whether prior express written consent was required under the TCPA before sending any of the text messages; and

d) Whether the outright failure to obtain prior express written consent to receive the messages constitutes willful and knowing behavior within the meaning of the TCPA and its regulations.

34. *Typicality.* Plaintiff's claims are typical of those of the Class because he received telemarketing or advertising text messages on his cellular telephone from Defendants on or after October

16, 2013; he never provided prior express written consent to receive the messages; and the messages were sent using the same equipment used to send text messages to all Class Members on their cellular telephones.

35. *Adequacy.* Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is not aware of any conflicts with Class Members, and he plans on pursuing the litigation vigorously. He also has the same interests as those of the Class, and has retained counsel who are competent and experienced in class-action litigation. In addition, Plaintiff has been actively involved in the litigation, he will continue to participate and be available for the duration of the litigation, and he understand the duties that he holds to the Class.

36. *Superiority.* A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Again, the individual joinder of all Class Members is impracticable because of the relatively small recovery amounts at stake and the relative lack of resources available for individual Class Members vis-à-vis the large corporate Defendants. Additionally, the judicial system would be burdened with multiple trials of the same issues, and the potential for inconsistent or contradictory judgments would increase. The common questions detailed above, in fact, predominate in this action, as Class Members' claims arise out of the same course of conduct to which Plaintiff himself was subject. A class action therefore would conserve the resources of the parties and the Court while protecting the rights of Class Members. Defendants' conduct as described above is unlawful, continuing, capable of repetition, and will continue unless restrained and enjoined by the Court. Moreover, it is a matter of public interest to obtain definitive answers to the legality of Defendants' actions in a single case.

## FIRST CAUSE OF ACTION

*Violation of the TCPA*

*47 U.S.C. § 227*

37. Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

38. The United States Congress enacted the TCPA in order to protect and balance individual privacy rights against legitimate telemarketing practices. In enacting this statute, Congress found:

(1) The use of the telephone to market goods and services to the home and other businesses is now pervasive due to the increased use of cost-effective telemarketing techniques.

. . . .

(10) Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.

(11) Technologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.

(12) Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Telephone Consumer Protection Act of 1991, PL 102–243, December 20, 1991, 105 Stat 2394.

39. The TCPA specifically prohibits automated calls or messages to consumers' cellular-telephone numbers without first obtaining the express consent or permission of the consumers:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States[,] (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone service . . . .

47 U.S.C. § 227(b)(1). According to the Ninth Circuit, a text message is a "call" within the meaning of the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

40. Under the relevant regulation, effective October 16, 2013, "prior express consent" as used in subsection (b)(1)(A)(iii) of the TCPA means "prior express *written* consent" for all telemarketing or advertising messages. 47 C.F.R. § 64.1200(a)(2) (emphasis supplied). Such consent must be signed by the consumer; disclose that the consumer authorizes the entity on whose behalf the message is sent to deliver, or cause to be delivered, telemarketing messages by way of an automatic telephone dialing system; and disclose that the consumer is not required to provide consent as a condition of purchasing any goods or services. *Id.* § 64.1200(f)(8).

41. The foregoing acts and omissions of Defendants constitute a direct violation of the TCPA. Defendants were and are aware of the TCPA and its requirements, and, on information and belief, intentionally violated the law in an effort to maximize the reach of their program. Defendants' violations therefore were willful.

42. The TCPA establishes a private right of action for sending unauthorized messages to consumers:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph

47 U.S.C. § 227(b)(3). Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff and Class Members are entitled to an award of $500 in statutory damages for each and every text message that they received. Moreover, because Defendants willfully and knowingly violated the TCPA as alleged above, Plaintiff and Class Members are entitled to treble damages. Finally, pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff and Class Members are entitled to injunctive relief.

## *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. An order certifying the Class under California Code of Civil Procedure section 382;
2. Judgment in favor of Plaintiff and Class Members for the period of time since October 16, 2013, for statutory treble damages against Defendants, as well as for injunctive relief;
3. An award of pre-judgment and post-judgment interest, to the extent allowable by law;
4. An award of attorney's fees and costs of suit, to the extent allowable by law; and
5. Such further relief as the Court deems fit and proper.

Dated: November 14, 2016

JAURIGUE LAW GROUP

Michael J. Jaurigue
Abigail A. Zelenski
David Zelenski
Ryan A. Stubbe
*Attorneys for Plaintiff*

***DEMAND FOR JURY TRIAL***

Plaintiffs request a trial by jury as to all claims for relief.

Dated: November 14, 2016                          JAURIGUE LAW GROUP

                                                                 Michael J. Jaurigue
                                                                 Abigail A. Zelenski
                                                                 David Zelenski
                                                                 Ryan A. Stubbe
                                                                 *Attorneys for Plaintiff*