JAURIGUE LAW GROUP
Michael J. Jaurigue (SBN 208123)
  michael@jlglawyers.com
Abigail A. Zelenski (SBN 228610)
  abigail@jlglawyers.com
David Zelenski (SBN 231768)
  david@jlglawyers.com
Ryan A. Stubbe (SBN 289074)
  ryan@jlglawyers.com
114 North Brand Boulevard, Suite 200
Glendale, California 91203
Telephone: (818) 630-7280
Facsimile: (888) 879-1697

*Attorneys for Plaintiff An Phan*

BAKER & McKENZIE LLP
Colin H. Murray (SBN 159142)
  Colin.Murray@bakermckenzie.com
Teresa H. Michaud (SBN 296329)
  Teresa.Michaud@bakermckenzie.com
Anne M. Kelts (SBN 298710)
  Anne.Kelts@bakermckenzie.com
Two Embarcadero Center, 11th Floor
San Francisco, California 94111
Telephone: (415) 576-3000
Facsimile: (415) 576-3099

*Attorneys for Defendant Agoda Company Pte. Ltd.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| AN PHAN, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>AGODA COMPANY PTE. LTD., a Singapore private limited liability company; and DOES 1 through 50,<br><br>        Defendants. | Case No. 16-cv-07243-BLF<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>*Assigned to Hon. Beth Labson Freeman*<br><br>Date: April 27, 2017<br>Time: 11:00 a.m.<br>Courtroom: 3<br><br>Complaint Filed: November 14, 2016<br>Notice of Removal Filed: December 19, 2016 |

1    Pursuant to Rule 26 of the Federal Rules of Civil Procedure, to the Standing Order for All Judges

2    of the Northern District of California, and to the Standing Order Re Civil Cases Before District Judge

3    Beth Labson Freeman, Plaintiff An Phan and Defendant Agoda Company Pte. Ltd. ("Agoda") submit

4    this Joint Case Management Statement.  Plaintiff and Agoda are filing this Joint Statement following the

5    early meeting of counsel, held on April 3, 2017.

6    ***1.    Jurisdiction and Service.***

7    In this action, Plaintiff brings a single claim for relief against Agoda under the Telephone

8    Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  (Defs. Agoda Int'l USA Inc. and The Priceline

9    Group Inc.'s Notice of Removal of Action from State Court ("Notice of Removal") Ex. 2 [ECF 1-2]

10   ¶¶ 37–42.)  Former Defendants Agoda International USA Inc. and The Priceline Group Inc. removed the

11   case to the within Court on December 19, 2016.  (See generally Notice of Removal [ECF 1] at 1.)  The

12   Notice of Removal states that the Court has subject-matter jurisdiction of this action under 28 U.S.C.

13   § 1332 because the amount in controversy exceeds $75,000 and because this is a civil action between

14   citizens of different states.  (Notice of Removal [ECF 1] ¶ 5.)  Plaintiff, on the other hand, submits that

15   the Court has subject-matter jurisdiction because federal and state courts have concurrent subject-matter

16   jurisdiction over suits arising under the TCPA.  Mims v. Arrow Fin. Servs., 132 S. Ct. 740, 745 (2012).

17   Following removal, Plaintiff voluntarily dismissed Agoda International USA Inc. and The

18   Priceline Group Inc. without prejudice.  (See generally Stipulation of Voluntary Dismissal Without

19   Prejudice Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) as to Defs. Agoda Int'l USA Inc. and The Priceline

20   Group Inc. Only [ECF 12].)  Agoda therefore is the only remaining Defendant in this action.  Plaintiff

21   served Agoda with the Complaint on December 21, 2016 (see Stipulation Extending Defs.' Time to

22   Respond to Pl.'s Compl. [ECF 6] ¶ 4), and Agoda filed its Answer on January 26, 2017 (see generally

23   Agoda's Ans. to Pl.'s Class-Action Compl. [ECF 15]).

24   No parties in the Complaint remain to be served.  Plaintiff and Agoda agree that the Court has

25   personal jurisdiction over Agoda.

26   ***2–3.    Facts and Legal Issues.***

27   Plaintiff and Agoda agree that Agoda provides a service through which consumers can book

28   hotel reservations, using either Agoda's website—agoda.com—or a mobile-device application (*i.e.*, an

"app"). (Agoda's Ans. to Pl.'s Class-Action Compl. ("Ans.") [ECF 15] ¶ 11.) Plaintiff alleges that, in November 2016, he booked four reservations through Agoda's website. (Notice of Removal Ex. 2 [ECF 1-2] ¶¶ 18–19.) He further alleges that, within minutes of completing each of these reservations, he received text messages on his cellular telephone stating: "Good news! Your Agoda booking [number] is confirmed. Manage your booking with our free app." (Notice of Removal Ex. 2 [ECF 1-2] ¶ 21.) He also alleges that Agoda sent him an additional message containing the text "App download," as well as a hyperlink to "app-agoda.com."[1] (Notice of Removal Ex. 2 [ECF 1-2] ¶ 22.)

Agoda admits that, when booking a hotel reservation through agoda.com, all consumers must provide their respective names, e-mail addresses, countries of residence, and cellular-telephone numbers. (Ans. [ECF 15] ¶ 14.) Plaintiff alleges that Agoda entered the cellular-telephone number that he had provided into a contact-list database and then sent him the above-described messages using equipment capable of accessing that database to automatically dial his number. (Notice of Removal Ex. 2 [ECF 1-2] ¶ 28.) Plaintiff alleges that, using the same equipment, Agoda sent thousands of similar text messages to the general public. (Notice of Removal Ex. 2 [ECF 1-2] ¶ 29)

Plaintiff contends that the sending of these messages violates the TCPA. The TCPA prohibits using an automatic telephone dialing system to place telemarketing calls to consumers' cellular telephones without the consumers' prior express written consent. See 47 U.S.C. § 227(b)(1) (stating that "[i]t shall be unlawful . . . (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . (iii) to any telephone number assigned to a . . . cellular telephone service"); 47 C.F.R. § 64.1200(a)(2) (explaining that, after October 16, 2013, "prior express consent" as used in subsection (b)(1)(A)(iii) of the TCPA means "prior express written consent"). Text messages "qualif[y] as . . . 'call[s]' within the compass of [the TCPA]." Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 667 (2016). According to Plaintiff, the messages that Plaintiff received constitute telemarketing, since they were sent not only to confirm Plaintiff's reservations, but to encourage the downloading of Agoda's app. See Report and Order, In the Matter of Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014,

---

[1] Agoda disputes the number of text messages that Plaintiff allegedly received.

14094 (July 3, 2013) (explaining that "dual-purpose calls," *e.g.*, calls containing elements of both customer service and marketing, constitute telemarketing).

Plaintiff further contends that, under the relevant regulation, "prior express written consent means an agreement, in writing, bearing the signature of the person called" that "include[s] a clear and conspicuous disclosure informing the person signing that . . . [he or she] authorizes the seller to deliver . . . telemarketing calls using an automatic telephone dialing system," as well as a "clear and conspicuous disclosure" stating that he or she "is not required to sign the agreement . . . as a condition of purchasing any property, goods, or services." 47 C.F.R. § 64.1200(f)(8). Plaintiff alleges that at no time did he ever sign a document, whether in paper or electronic form, containing these disclosures. (Notice of Removal Ex. 2 [ECF 1-2] at ¶ 23.) Plaintiff also alleges that none of the other individuals whose numbers were entered into the contact-list database signed anything containing the requisite disclosures. (Notice of Removal Ex. 2 [ECF 1-2] ¶ 34.) Plaintiff therefore seeks to represent a Class consisting of all individuals in the United States who, since October 16, 2013, received at least one text message from Agoda on their respective cellular telephones. (Notice of Removal Ex. 2 [ECF 1-2] at ¶ 30.)

Agoda disputes Plaintiff's allegations and contends that Plaintiff, and the Members of the putative Class he hopes to represent, consented to receive the text messages relating to his online travel bookings by providing his phone number as part of his booking process, never revoked his consent, and further waived any complaint to the receipt of the text messages by continuing to make bookings thereafter either through Agoda's website or app, soliciting additional text messages. (Notice of Removal Ex. 2 [ECF1-2] ¶ 18–20); see Van Patten v. Vertical Fitness Group, LLC, 847 F.3d 1037, 1048 (9th Cir. 2017). Moreover, Agoda contends that the text messages Plaintiff received did not constitute telemarketing, as they clearly were confirmatory messages sent in response to his requested transaction for the purpose of informing Plaintiff that his booking had been accepted and providing him a method for managing his existing transactions through his mobile device while traveling. (Notice of Removal Ex. 2 [ECF 1-2] ¶ 21.)

**4.   *Motions*.**

To date, no motions have been filed.

Plaintiff intends on filing a motion for class certification, after engaging in sufficient discovery.

1   He also may file a motion for summary judgment or summary adjudication.  He reserves the right to file

2   additional motions, including discovery motions, in due course, should such motion practice be

3   necessary.

4       Agoda will oppose any motion by Plaintiff for class certification since class treatment of this

5   case would be improper.  Agoda will further oppose any motion for summary judgment or summary

6   adjudication Plaintiff files, and intends to file its own motion for summary judgment or summary

7   adjudication.  Agoda further reserves the right to file any additional motions, including discovery

8   motions, if necessary.

9   *5.    Amendment of Pleadings.*

10      As noted above, the parties disagree on the total number of text messages that Plaintiff received.

11  If discovery clarifies the precise number of messages that were sent to Plaintiff, he likely will amend the

12  Complaint to reflect that fact.  Although Plaintiff presently does not anticipate making any further

13  amendments, discovery may reveal additional facts that likewise may require amendment.  For example,

14  discovery may reveal that the messages were sent by an entity acting at Agoda's direction, instead of by

15  Agoda directly.  If that turns out to be the case, then Plaintiff may seek leave to amend in order to allege

16  claims against Agoda's agents, as Plaintiff contends these entities would be jointly and severally liable

17  under the TCPA.  See, e.g., Gomez v. Campbell-Ewald Co., 768 F.3d 871, 877–79 (9th Cir. 2014);

18  Roylance v. ALG Real Estate Servs., Inc., 2015 WL 1522244 at *13 (N.D. Cal. Mar. 16, 2015); Cellco

19  P'ship v. Plaza Resorts, Inc., 2013 WL 5436553 at *6 (S.D. Fla. Sept. 27, 2013) (citing cases).  Also by

20  way of example, evidence concerning the dates that messages were sent to Plaintiff and the Class could

21  necessitate amendment of the Complaint, such as the inclusion of a sub-class for pre-October 16, 2013,

22  messages.

23      Agoda reserves the right to amend its Answer in the event discovery reveals the availability of

24  additional defenses or affirmative defenses.

25      In order to give sufficient time to Plaintiff and Agoda to conduct the necessary discovery, the

26  parties propose a deadline of August 24, 2017, for the filing of any stipulation, or for the reservation of

27  any motion, to amend the Complaint or Answer.

28  / / / / /

*6.* *Evidence Preservation.*

Plaintiff and Agoda have reviewed the Guidelines for the Discovery of Electronically Stored Information, as well as the Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information. Plaintiff and Agoda confirm that they have met and conferred regarding reasonable and proportionate steps to be taken for the preservation of evidence relevant to the issues in this action.[2]

*7.* *Disclosures.*

Plaintiff and Agoda have agreed to serve their respective initial disclosures by May 8, 2017— *i.e.*, twenty-one days after the deadline contemplated by Rule 26 of the Federal Rules of Civil Procedure. Plaintiff and Agoda have agreed to this schedule in order to give Agoda's counsel sufficient time to confer with its client in light of the Thai new-year holiday, during which Agoda's counsel represented many of Agoda's employees would be unavailable.

*8.* *Discovery.*

Plaintiff and Agoda have agreed that class certification and merits discovery should proceed simultaneously. Having said that, Plaintiff will attempt, initially, to focus his discovery requests on issues relevant to class certification (with the understanding that there is overlap between certification issues and the underlying merits). Plaintiff already has served a first set of written discovery requests on Agoda, consisting of interrogatories, requests for production, and requests for admission. This discovery is focused on several key areas of investigation, including the number of text messages that Agoda transmitted since October 16, 2013; the call logs maintained by Agoda; the types of written consent forms used by Agoda; and the equipment used by Agoda to transmit text messages. Plaintiff also presently anticipates taking the deposition of Agoda's corporate representative concerning Agoda's telemarketing system, call logs, consent protocols, and written discovery responses, as well as the deposition of Agoda's experts.

---

[2] In connection with the early meeting of counsel, Plaintiff informed Agoda that Agoda should maintain the integrity of its contact-list database, as well as the logs reflecting the content of text messages, the telephone numbers to which Agoda attempted to deliver the messages, the date and time that Agoda attempted to deliver the messages, and whether the messages were successfully delivered. Plaintiff believes that Agoda's maintenance of these materials should not pose an undue burden, since Plaintiff presently understands that Agoda sent text messages only for a discrete, limited period of time after October 16, 2013, and that Agoda no longer sends any text messages.

1    Agoda intends to serve written discovery on Plaintiff, consisting of interrogatories, requests for

2    production, and requests for admission focused on, *inter alia*, Plaintiff's relationship to Agoda, his use

3    of Agoda's website and app, his communication with putative Class Members, previous class actions

4    Plaintiff has filed, and Plaintiff's damages, if any.  Agoda further intends to take Plaintiff's deposition,

5    as well as the deposition of other fact witnesses or expert witnesses identified by Plaintiff or through

6    discovery.

7            Presently, the only contemplated modification to the applicable discovery rules is a request by

8    Plaintiff to increase the interrogatory limit from twenty-five to thirty.  Plaintiff believes that the

9    modification is warranted in light of the class-wide nature of the case, and that he is permitted to seek

10   this modification at this time under rule 26 of the Federal Rules of Civil Procedure.  See Hon. Beverly

11   Reid O'Connell & Hon. Karen L. Stevenson, California Practice Guide:  Federal Civil Procedure Before

12   Trial (The Rutter Group, 9th Cir. ed. 2017) ("Counsel may request to propound additional

13   interrogatories at the scheduling conference based on the projected needs of the case.").  Agoda believes

14   that it is premature to increase the interrogatory limit at this time.

15           As set forth below, Plaintiff and Agoda propose a deadline of February 22, 2018, for the

16   reservation of any class-certification motion, which should give sufficient time to engage in the

17   discovery necessary for briefing certification issues.

18   *9.     Class Actions.*

19           Again, Plaintiff seeks to certify a Class consisting of all individuals in the United States who,

20   since October 16, 2013, received at least one text message from Agoda on their respective cellular

21   telephones.  He will seek to certify this Class on the ground that there are common questions of law and

22   fact that predominate over any questions affecting only individual Class Members.  See Fed. R. Civ. P.

23   23(b)(3).  Plaintiff submits that the following TCPA-related questions are common to the Class in the

24   sense that they need be decided only once for the Class as a whole, not separately for each Class

25   Member:

26   •        Whether the text messages received by the Class constitute telemarketing or

27            advertising.  Although thousands of individuals may have received text messages

28            since October 16, 2013, each of those messages likely falls into one of a discrete

JOINT CASE MGMT. STATEMENT – Case No. 16-cv-07243

number of separate templates; to the extent that large groups of individuals received messages all generated from the same underlying template, the Court need only look at the template itself to rule on the telemarketing/advertising issue. For example, Plaintiff received text messages stating, "Good news! Your Agoda booking [number] is confirmed. Manage your booking with our free app." That same message may have been sent to thousands of separate recipients, so the Court need only look at that underlying template in order to rule on whether the messages contain an advertisement or constitute telemarketing.

- Whether the equipment used to send the text messages is an automatic telephone dialing system. If the same equipment was used to send all of the messages, the Court need only answer this question once.

- Whether the process that Agoda used for adding telephone numbers to its contact-list database included the use of a form setting forth all of the necessary disclosures under the prior-express-written-consent standard.

Agoda disputes Plaintiff's position that the alleged commonalties listed above exist among putative Class Members, and would oppose class certification on this basis. Agoda maintains that factual differences among consumers regarding any reservations and/or consent made through Agoda's website or app and text messages received would preclude class certification in this case.

Plaintiff and Agoda propose a deadline of February 22, 2018, for the reservation of any certification motion.

## 10. *Related Cases.*

Plaintiff and Agoda are not aware of any related cases or proceedings against Agoda that are pending before any court or administrative body.

## 11. *Relief.*

Under the TCPA, a plaintiff is entitled to recover either actual damages, on the one hand, or statutory damages of $500 for each improper text message, on the other hand. See 47 U.S.C. § 227(b)(3). Furthermore, if a defendant acted "willfully or knowingly" in violating the TCPA, damages may be trebled. Id. Here, Plaintiff seeks class-wide, trebled statutory damages for Agoda's alleged

TCPA violations.  (Notice of Removal Ex. 2 [ECF 1-2] ¶ 42.)  Since the total amount of class-wide

damages owing is a function of the total number of text messages received by the Class, Plaintiff cannot

yet estimate the total amount of class-wide damages.  Plaintiff, again, has requested this information

from Agoda in his already-served first set of written discovery requests.

Agoda maintains that Plaintiff and the putative Class Members he hopes to represent are not

entitled to any damages and has suffered no injury based on the allegations in the Complaint.

*12.     Settlement and ADR.*

This case has been assigned to the ADR Multi-Option Program, governed by the Northern

District of California's ADR Local Rules.  (Order Setting Initial Case Mgmt. Conference and ADR

Deadlines [ECF 4] at 1:22–23.)  Further to Rule 3-5 of the ADR Local Rules, Plaintiff and Agoda have

filed their respective ADR Certifications.  (ADR Certifications by Parties and Counsel [ECF 16, 17].)

Also further to Rule 3-5, Plaintiff and Agoda have met and conferred, and they have selected private

mediation as their preferred ADR process.  (Stipulation and [Proposed] Order Selecting ADR Process

[ECF 18].)

Plaintiff and Agoda believe that, in order to have a fruitful mediation, they need to engage in

some initial discovery (*e.g.*, Plaintiff needs sufficient data in order to estimate the extent of his alleged

damages).  They therefore proposed in their Stipulation Selecting ADR Process that the presumptive

ninety-day deadline for conducting mediation be waived.  (Stipulation and [Proposed] Order Selecting

ADR Process [ECF 18].)  On April 7, 2017, the Court approved the Stipulation's proposed mediation-

completion deadline of December 22, 2017.  (Order Selecting ADR Process [ECF 19].)

*13.     Consent to Magistrate Judge for All Purposes.*

A Declination to Magistrate Judge Jurisdiction was timely filed on December 22, 2016.  (See

generally Declination to Magistrate Judge Jurisdiction [ECF 7].)

*14.     Other References.*

At this time, Plaintiff and Agoda do not believe that this case is suitable for reference to binding

arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

*15.     Narrowing of Issues.*

At this time, Plaintiff and Agoda do not believe that the scope of issues can be significantly

JOINT CASE MGMT. STATEMENT – Case No. 16-cv-07243

1 | reduced.

2 | **16.    Expedited Trial Procedure.**

3 | Plaintiff and Agoda agree that this action should not be handled under General Order No. 64

4 | Attachment A.

5 | **17.    Scheduling.**

6 | Because the Court has not yet ruled on whether this case will proceed on a class-wide basis,

7 | Plaintiff and Agoda believe that it is premature to set a firm trial schedule.  Instead, they propose that a

8 | further scheduling conference be held after the Court has ruled on Plaintiff's class-certification motion,

9 | at which time the scope of the case will be clearer.  As set forth above, Plaintiff and Agoda propose a

10 | deadline of February 22, 2018, for the reservation of any certification motion.

11 | If the Court is inclined to enter firm dates at this time, Plaintiff and Agoda propose the following

12 | schedule:

13 | • Deadline for reserving any class-certification motion:  February 22, 2018.

14 | • Expert-witness designation deadline:  May 17, 2018.

15 | • Rebuttal-expert-witness designation deadline:  June 14, 2018.

16 | • Discovery cut-off:  July 5, 2018.

17 | • Deadline for reserving any dispositive motion:  July 26, 2018.

18 | • Deadline for hearing any dispositive motion:  August 30, 2018.

19 | • Pretrial conference:  November 1, 2018.

20 | • Trial:  December 3, 2018.

21 | **18.    Trial.**

22 | Plaintiff has requested a trial by jury.  (Notice of Removal Ex. 2 [ECF 1-2] at 10:2.)  If the case

23 | proceeds on a class-wide basis, Plaintiff and Agoda estimate that trial will last ten days; if the case

24 | proceeds on an individual basis, they estimate that trial will last four days.

25 | **19.    Disclosure of Non-Party Interested Entities or Persons.**

26 | Pursuant to rule 3-15 of the Northern District of California's Local Rules, Plaintiff and Agoda

27 | have filed their respective Certifications of Interested Entities or Persons.  (See generally Pl.'s

28 | Certification of Interested Entities or Persons [ECF 13]; Agoda's Corporate Disclosure Statement and

Certification of Interested Entities or Persons [ECF 14].)  Other than himself, Plaintiff has no interest to identify.  Other than itself, Agoda identifies Agoda Holding Company Ltd. as having an interest either in the subject matter in controversy or in a party to the proceeding.

***20.    Professional Conduct.***

Plaintiff and Agoda's respective counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

***21.    Other Matters Relating to Efficient Resolution.***

At this time, neither Plaintiff nor Agoda is aware of any other matter that may facilitate the just, speedy, and inexpensive resolution of this action.

Dated:  April 20, 2017                                    JAURIGUE LAW GROUP

                                                                        /s/ *David Zelenski* [3]
                                                             _____
                                                                   Michael J. Jaurigue
                                                                   Abigail A. Zelenski
                                                                   David Zelenski
                                                                   Ryan A. Stubbe
                                                                   *Attorneys for Plaintiff*

Dated:  April 20, 2017                                    BAKER & McKENZIE LLP

                                                                        /s/ *Teresa Michaud*
                                                             _____
                                                                   Colin H. Murray
                                                                   Teresa H. Michaud
                                                                   Anne M. Kelts
                                                                   *Attorneys for Defendant*

---

[3] Pursuant to rule 5-1 of the Northern District's Local Rules, I hereby attest that concurrence in the filing of this document has been obtained from the signatories below.