1   Teresa H. Michaud (State Bar No. 296329)
    Teresa.Michaud@bakermckenzie.com
2   Anne M. Kelts (State Bar No. 298710)
    Anne.Kelts@bakermckenzie.com
3   **BAKER & McKENZIE LLP**
    Two Embarcadero Center, 11th Floor
4   San Francisco, CA 94111-3802
    Telephone: +1 415 576 3000
5   Facsimile:  +1 415 576 3099

6
    Attorneys for Defendant
7   AGODA COMPANY PTE. LTD.

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  AN PHAN, as an individual and on behalf of all       Case No. 16-cv-07243-BLF (SVK)
    others similarly situated,
13                                                        Removed from the California Superior Court,
                                                          County of Santa Clara on
14              Plaintiff,                                December 19, 2016 -
                                                          Superior Court Case No. 16CV302647
15         v.
                                                          Date of Filing of Action in the
16  AGODA COMPANY PTE. LTD., a Singapore                  Superior Court: November 14, 2016
    private limited liability company; and DOES 1
17  through 50,                                           **NOTICE OF MOTION AND MOTION
                                                          FOR SUMMARY JUDGMENT BY
18              Defendants.                               DEFENDANT AGODA COMPANY PTE.
                                                          LTD.; MEMORANDUM OF POINTS
19                                                        AND AUTHORITIES IN SUPPORT**

20                                                        Date:      December 13, 2018
                                                          Time:      9:00 a.m.
21                                                        Before:  The Hon. Beth Labson Freeman
                                                          Courtroom 3, 5th Floor
22
                                                          San Jose Courthouse
23                                                        280 South 1st Street, San Jose, CA  95113

24                                                        Trial Date:  March 16, 2020

25

26

27

28

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: +1 415 576 3000

Case No. 16-cv-07243-BLF (SVK)
AGODA'S NOTICE OF MOTION, MOTION AND MPA ISO MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

**Page No.**

NOTICE OF MOTION AND MOTION ........................................................................... 1

STATEMENT OF THE ISSUES AND REQUESTED RELIEF ....................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 1

I.      INTRODUCTORY STATEMENT ...................................................................... 1

II.     SUMMARY OF THE ARGUMENT .................................................................. 3

III.    FACTUAL AND PROCEDURAL BACKGROUND ......................................... 4

    A.      The Website and Mobile Application Booking Processes ........................... 4

    B.      The Transmission of Text Messages ........................................................... 5

    C.      The Global Terms of Use and Privacy Policy ............................................ 6

    D.      Plaintiff's Bookings with Agoda ................................................................. 7

    E.      Plaintiff Files this TCPA Action ................................................................. 9

IV.     LEGAL STANDARD ......................................................................................... 9

V.      ARGUMENT ................................................................................................... 10

    A.      Plaintiff's Text Messages are Not the Type of Communications the TCPA was Intended to Prohibit .................................................................. 10

    B.      Plaintiff's Text Messages Were Transactional Booking Confirmations, Not Marketing Messages ........................................................................... 11

    C.      Plaintiff Gave His Express Consent to Receive Text Messages from Agoda .......... 16

        1.      Plaintiff Consented to Receive Text Messages by Providing His Phone Number to Agoda for Such Communications .................................... 17

        2.      Plaintiff Consented to Receive Text Messages by Agreeing to Agoda's Terms of Use and Privacy Policy Disclosing Such Communications .......... 18

        3.      Plaintiff Consented to Such Communications and Marketing Messages By Opting In to Receive Marketing Communications .................................. 20

    D.      Plaintiff Waived His Rights to a TCPA Claim by Agreeing to Agoda's Terms of Use and Privacy Policy in Advance and by Continuing to Make Bookings and Use the App After Receiving the Confirmatory Texts ........................... 21

    E.      Plaintiff's Claims Are Also Waived Because He Agreed to be Governed by an Enforceable Singapore Choice of Law and Venue Clause ........................... 23

VI.     CONCLUSION ................................................................................................. 24

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: +1 415 576 3000

i

# TABLE OF AUTHORITIES

**Page No(s).**

## Cases

*ACA Int'l v. FCC*,
  885 F.3d 687 (D.C. Cir. 2018) ..................................................................................9

*Aderhold v. car2go N.A., LLC*,
  No. 14-35208, 2016 U.S. App. LEXIS 16596 (9th Cir. Sept. 9, 2016) .......................13, 16, 17, 18

*Aderhold v. car2go, N.A.*,
  No. C13-489RAJ, 2014 U.S. Dist. LEXIS 26320 (W.D. Wash. Feb. 27, 2014) .................. *passim*

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ..................................................................................9

*Baird v. Sabre Inc.*,
  636 Fed. App'x 715 (9th Cir. 2016) ..................................................................17

*Baird v. Sabre Inc.*,
  995 F. Supp. 2d 1100 (C.D. Cal. 2014) ..............................................................17

*Barnes v. Conn Appliances, Inc.*,
  No. 3:16-cv-413 HTW-LRA, 2018 U.S. Dist. LEXIS 25256, at *8 (S.D. Miss.
  Feb. 15, 2018) ..................................................................................21

*Bey v. Citi Health Card*,
  No. 15-6533, 2017 U.S. Dist. LEXIS 103812 (E.D. Pa. July 6, 2017) ...........................23

*Blow v. Bijora, Inc.*,
  855 F.3d 793 (7th Cir. 2017) ......................................................................20

*Brown v. DIRECTV, LLC*,
  No. CV 12-08382 DMG (Ex), 2013 U.S. Dist. LEXIS 90894 (C.D. Cal. 2013) .......................23

*Celotex Corp v. Catrett*,
  477 U.S. 317 (1986) ..................................................................................9

*Chesbro v. Best Buy Stores, L.P.*,
  705 F.3d 913 (9th Cir. 2012) ......................................................................10

*Daniel v. Five Stars Loyalty, Inc.*,
  No. 15-cv-03546-WHO, 2015 U.S. Dist. LEXIS 159007 (N.D. Cal. Nov. 24,
  2015) ..................................................................................13, 14, 15

*Delgado v. Progress Fin. Co.*,
  No. 1:14-cv-00033-LJO-MJS, 2014 U.S. Dist. LEXIS 61010 (E.D. Cal. May 1,
  2014) ..................................................................................22

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

ii

*Drew v. Lexington Consumer Advocacy LLC*,
No. 16-cv-00200-LB, 2016 U.S. Dist. LEXIS 52385 (N.D. Cal. Apr. 18, 2016) ........................10

*Edelsberg v. Vroom, Inc.*,
No. 16-cv-62734, 2018 U.S. Dist. LEXIS 50420 (S.D. Fla. Mar. 27, 2018)...............................12

*Franklin v. Facebook, Inc.*,
No. 1:15-CV-00655-LMM, 2015 U.S. Dist. LEXIS 159891 (N.D. Ga. Nov. 24,
2015) .............................................................................................................................................24

*Gonzalez v Agoda Company Pte. Ltd.*
[2017] NSWSC 1133 (Austl.).......................................................................................................24

*Haysbert v. Navient Solutions, Inc.*,
No. CV 15-4144 PSG (Ex), 2016 U.S. Dist. LEXIS 30720 (C.D. Cal. 2016) .................18, 19, 21

*Joseph v. TrueBlue, Inc.*,
No. C14-5963 BHS, 2015 U.S. Dist. LEXIS 17403 (W.D. Wash. Feb. 11, 2015) .....................22

*Mackinnon v. Hof's Hut Restaurants, Inc.*,
No. 2:17-cv-01456-JAM-DB, 2017 U.S. Dist. LEXIS 195444 (E.D. Cal. Nov. 28,
2017) .................................................................................................................................... *passim*

*McKee v. Audible, Inc.*,
No. CV 17-1941-GW(Ex), 2017 U.S. Dist. LEXIS 217391 (C.D. Cal. Oct. 26,
2017) .............................................................................................................................................19

*McLellan v. Fitbit, Inc.*,
No. 3:16-cv-00036-JD, 2018 U.S. Dist. LEXIS 11712 (N.D. Cal. Jan. 24, 2018)......................19

*McNamara v. Royal Bank of Scot. Grp., PLC*,
No. 11-cv-2137-L(WVG), 2012 U.S. Dist. LEXIS 158580 (S.D. Cal. 2012)..............................23

*Mendoza v. Ad Astra Recovery Servs.*,
No. 2:13-cv-06922-CAS(JCGx), 2014 U.S. Dist. LEXIS 1716 (C.D. Cal. 2014) ......................23

*Meyer v. Bebe Stores, Inc.*,
No. 14-cv-00267-YGR, 2015 U.S. Dist. LEXIS 12060 (N.D. Cal. Feb. 2, 2015) .................16, 20

*Meyer v. Uber Techs., Inc.*,
868 F.3d 66 (2d Cir. 2017)....................................................................................................6, 19

*Mims v. Arrow Fin. Servs., LLC*,
565 U.S. 368 (2012)......................................................................................................................10

*Mogannam v. First Fin. Merch. Servs.*,
No. 15-CV-00827-TLN-CKD, 2016 U.S. Dist. LEXIS 17822 (E.D. Cal. 2016).....................3, 23

*Murphy v. DCI Biologicals Orlando, LLC*,
797 F.3d 1302 (11th Cir. 2015) ...................................................................................................18

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

*Palomino v. Facebook, Inc.*,
    No. 16-cv-04230-HSG, 2017 U.S. Dist. LEXIS 2971 (N.D. Cal. Jan. 9, 2017) ..........................24

*Phan v. Grand Bahama Cruise Line, LLC, et al.*,
    No. 5:15-cv-05019-BLF (filed November 2, 2015)..................................................................2

*Pietzak v. Microsoft Corp.*,
    No. CV 15-5527-R, 2015 U.S. Dist. LEXIS 165204 (C.D. Cal. Nov. 17, 2015) ........................20

*Pinkus v. Sirius XM Radio Inc.*,
    No. 16 C 10858, 2017 U.S. Dist. LEXIS 77904 (N.D. Ill. May 23, 2017)..................................23

*Reese v. Anthem, Inc.*,
    No. 17-07940, 2018 U.S. Dist. LEXIS 39909 (E.D. La. Mar. 12, 2018) ....................................14

*Reese v. Marketron Broad Sols. Inc.*,
    No. 18-1982, 2018 U.S. Dist. LEXIS 77319 (E.D. La. May 8, 2018)..........................................12

*Reyes v. Educ. Credit Mgmt. Corp.*,
    No. 3:15-cv-00628-BAS-JMA, 2016 U.S. Dist. LEXIS 66821 (S.D. Cal. May 19,
    2016) .........................................................................................................................................19

*Roberts v. PayPal, Inc.*,
    621 Fed. App'x 478 (9th Cir. 2015) .........................................................................................17

*In re Rules & Regs. Implementing the Tel. Consum. Prot. Act of 1991*,
    7 FCC Rcd. 8752 (Oct. 16, 1992) .............................................................................................18

*San Pedro-Salcedo v. Häagen-Dazs Shoppe Co.*,
    No. 5:17-cv-03504-EJD, 2017 U.S. Dist. LEXIS 168532 (N.D. Cal. Oct. 11,
    2017) .................................................................................................................................14, 15

*Selden v. Airbnb, Inc.*,
    No. 16-cv-00933 (CRC), 2016 U.S. Dist. LEXIS 150863 (D.C. Cir. Nov. 1, 2016) ...................19

*Smith v. Blue Shield of Cal. Life Health Ins. Co.*,
    228 F. Supp. 3d 1056 (C.D. Cal. 2017) .............................................................................14, 17

*Tatum v. City & Cty. of San Francisco*,
    441 F.3d 1090 (9th Cir. 2006) ....................................................................................................9

*Van Patten v. Vertical Fitness Group, LLC*,
    847 F.3d 1037 (9th Cir. 2017) .............................................................................................10, 17

*Villa v. Tyco Elecs. Corp.*,
    No. C 10-00516 MHP, 2011 U.S. Dist. LEXIS 1697 (N.D. Cal. Jan. 7, 2011)............................9

*Wick v. Twilio*,
    No. C16-00914RSL, 2016 U.S. Dist. LEXIS 151482 (W.D. Wash. Nov. 1, 2016)...............13, 14

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

iv

## **Statutes**

47 U.S.C. § 227(b)(1) ............................................................................................... *passim*

47 C.F.R. at §§ 64.1200(a)(1) and (2)..................................................................................11

47 C.F.R. §§ 64.1220(f)(1) and (12) ....................................................................................16

## **Other Authorities**

Fed. R. Civ. P. 56(a) .............................................................................................................9

Fed. R. Civ. P. 56(c), (e) .......................................................................................................9

Fed. R. Civ. Proc. 56(b), (d) ..................................................................................................9

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

v

Case No. 16-cv-07243-BLF (SVK)
AGODA'S NOTICE OF MOTION, MOTION AND MPA ISO MOTION FOR SUMMARY JUDGMENT

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT on December 13, 2018, at 9:00 a.m.[1], or as soon thereafter as the matter may be heard in Courtroom 3 of this Court, located on the 5th Floor, 280 S. First Street, San Jose, California, the Honorable Beth Labson Freeman presiding, Defendant Agoda Company Pte. Ltd. ("Agoda") will and hereby does move this Court for an order of summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, on the sole cause of action in Plaintiff's Complaint for violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227.  Agoda's Motion for Summary Judgment is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Alexis Siarkiewicz, Richard Lyne, Kamonchanok Rattanasrimata, and Anne M. Kelts, and the Proposed Order, and upon such other matters as may be presented to the Court at or before the time of the hearing.

**STATEMENT OF THE ISSUES AND REQUESTED RELIEF**

Agoda seeks an order of summary judgment from this Court on Plaintiff's Complaint, on the grounds that the undisputed evidence establishes that the sole TCPA claim fails as a matter of law.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTORY STATEMENT

This case alleges baseless claims for violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227.  Plaintiff An Phan ("Plaintiff" or "Mr. Phan") cannot put forth any facts demonstrating a violation of the type of offenses from which the TCPA was designed to protect consumers – namely, the abusive distribution of marketing messages to the general public.  Instead, he is attempting to use the TCPA to extract a windfall from a Agoda, whose services he employed for years (including after filing this case) and whose communications he *elected* to receive.  Plaintiff attempts to mischaracterize basic customer support services by suing over his receipt of business confirmation text messages confirming his ongoing transactions with Agoda.  Class action lawsuits on these types of claims are exploitative of the statutory protections properly afforded under the TCPA.  Plaintiff's case should be dismissed on summary judgment, in its entirety.

---

[1] Counsel met and conferred and agreed pursuant to the Court's standing order on what was believed to be the Court's available date of July 26. Defendant therefore intends to request either a hearing on July 26th or a date before December 13 that does not cause undue prejudice to Plaintiff.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: +1 415 576 3000

1

Case No. 16-cv-07243-BLF (SVK)
AGODA'S NOTICE OF MOTION, MOTION AND MPA ISO MOTION FOR SUMMARY JUDGMENT

In November 2016, Agoda began providing a new type of booking confirmation message to its customers, delivered by texts, which included a hyperlink to Agoda's mobile application (the "App").  Plaintiff's entire complaint is that Agoda's inclusion of the hyperlink alone, despite the confirmatory nature of the message, entitles him to significant statutory damages under the TCPA – in other words, that the mere inclusion of a hyperlink converts these business confirmation text messages into "marketing," which requires a higher level of consent from Plaintiff.  However, the Eastern District of California's recent *Mackinnon* decision has flatly rejected this exact premise.[2] That court rightly held that the inclusion of a hyperlink in a message, without any other marketing language, does not automatically convert a business confirmation text message to a marketing one.  Instead, *Mackinnon* holds that providing a phone number is sufficient consent from a customer to authorize transactional business confirmation messages, and a hyperlink in such messages does not establish a TCPA violation.  The *Mackinnon* opinion is consistent with other precedent from the Ninth Circuit, and other circuits, similarly dismissing nuisance TCPA class actions.

Mr. Phan is a repeat TCPA class action plaintiff.  He previously filed a similar TCPA case against another travel services company using the same counsel who represents him in this matter.[3] This is no doubt how, within a mere ***three days*** of receiving the business confirmation text messages at issue here, Plaintiff was able to secure counsel, prepare a complaint, and file this lawsuit against Agoda.  Notably, despite being a longtime customer of Agoda's, Plaintiff opted not to first contact its customer support about the purportedly offending text messages before rushing to file a class action lawsuit.  Indeed, while using Agoda's services, Plaintiff knowingly provided his mobile phone number to receive the very type of communications for which he now complains – going so far as to also make an affirmative ***election*** to receive marketing-type messages about travel discounts and specials.  So, even if these were marketing messages, which is denied, Plaintiff asked to receive them.  Indeed, *even after receiving the first text message*, Plaintiff continued to make further bookings with Agoda and receive additional text messages, only choosing to opt out of Agoda's

---

[2]  *See Mackinnon v. Hof's Hut Restaurants, Inc.,* No. 2:17-cv-01456-JAM-DB, 2017 U.S. Dist. LEXIS 195444 (E.D. Cal. Nov. 28, 2017).
[3]  *See Phan v. Grand Bahama Cruise Line, LLC, et al.*, No. 5:15-cv-05019-BLF (filed November 2, 2015).

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

Case No. 16-cv-07243-BLF (SVK)
AGODA'S NOTICE OF MOTION, MOTION AND MPA ISO MOTION FOR SUMMARY JUDGMENT

marketing messages *nearly a month after filing this lawsuit*.  In addition, Plaintiff and Agoda have a history of communicating about his bookings, including direct communications initiated by Plaintiff himself.  Thus, the unusually accelerated timeline of Plaintiff's lawsuit suggests an attempt by Plaintiff to entangle Agoda in a lawsuit, despite the lack of any actual violation.

Agoda wishes to be released from this lawsuit and return to its normal business helping customers navigate and manage their international travel.  Accordingly, Agoda respectfully requests that this Court grant summary judgment on Plaintiff's Complaint.

## II.    SUMMARY OF THE ARGUMENT

For all of the reasons outlined below, Plaintiff's claims that Agoda's text messages violated the TCPA are entirely without merit.

***First, the text messages in question are not marketing messages.***  Agoda recognizes that the TCPA prohibits marketing text messages without the express written consent of the consumer.  But, if the purpose of the text message was merely to facilitate an ongoing transaction (as is the case here), providing a phone number in connection with the transaction is sufficient consent from the customer to authorize the text message.  Contrary to Plaintiff's position, the text messages were not marketing messages, and therefore, did not require Plaintiff's written consent.  Rather, they were business confirmation text messages that are permissible under the TCPA.

Plaintiff's entire case hangs on an assumed premise that Agoda's inclusion of a hyperlink in these text messages automatically converted the texts from business confirmation messages to marketing messages.  But, *not a single case* in any circuit has held that including a hyperlink to an app converts a business confirmation message to a marketing message.  To the contrary, case law in the Ninth Circuit and elsewhere has conclusively held the opposite – that including a hyperlink to an app in a transactional text does <u>not</u> automatically convert the communication into a marketing message.  In fact, the *Mackinnon* decision (discussed *infra,* Section IV(A)), with its nearly identical claims, rejected the exact premise advanced by Plaintiff here in its dismissal of a TCPA class action at the pleadings stage.  Agoda maintains that a similar decision should be rendered here.

***Second, Plaintiff consented to receive text messages from Agoda.***  In line with the relevant TCPA case law, Plaintiff affirmatively consented to receive these confirmation text messages by:

3

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

Case No. 16-cv-07243-BLF (SVK)
AGODA'S NOTICE OF MOTION, MOTION AND MPA ISO MOTION FOR SUMMARY JUDGMENT

(a) providing his mobile phone number in making travel bookings with Agoda, (b) agreeing to Agoda's Terms of Use and Privacy Policy, which expressly specified that Agoda would send these transactional messages, and (c) going so far as to "opt in" to receive marketing-type messages on Agoda's website, thus providing even his express written consent (accepting *arguendo* Plaintiff's incorrect claim that these were marketing text messages).

**Third, Plaintiff waived his rights to assert TCPA claims.**  Plaintiff waived any right to bring a TCPA claim by: (a) agreeing to Agoda's Terms of Use and Privacy Policy and its express disclosure that Agoda would send transactional text messages, thereby constituting advance waiver of any objection to his receipt thereof, and (b) continuing to use Agoda's App and make additional bookings after his receipt of the first (and subsequent) text messages in question – thus establishing waiver by his own subsequent conduct.

**Fourth, Plaintiff's claims are subject to Singapore and not U.S. law.**  As an alternative argument, Plaintiff's TCPA claim is further subject to dismissal on summary judgment because Plaintiff is bound by his agreement to a Singapore choice of law and venue clause in the Terms of Use, which clause is enforceable here.

Any of the above arguments alone is sufficient to summarily refute Plaintiff's TCPA claims. Both the underlying facts and law so clearly favor Agoda that it respectfully requests the Court grant summary judgment in its favor and dismiss Plaintiff's case in its entirety.

### III.     FACTUAL AND PROCEDURAL BACKGROUND

**A.     The Website and Mobile Application Booking Processes**

Agoda is an international online travel service provider based in Asia that offers booking services on hotel and other accommodations worldwide.[4]  Both the Agoda website and mobile App each guide a customer through a similar set of steps to make an online booking after searching for and choosing desired travel accommodations.[5]

---

[4]  Agoda is part of the Booking Holdings Group family, including Priceline, Booking.com and similar online reservation platforms. Among other services, Agoda also facilitates flight and airport transfers with third parties.  *See* Declaration of Alexis Siarkiewicz in Support of Motion for Summary Judgment ("Siarkiewicz Decl.") ¶¶ 2-3.

[5]  For brevity, Agoda has omitted a description of the minor differences between its website and App booking processes; however these are explained in further detail in Exhibit 2 to the Declaration of Anne M. Kelts filed in support of this Motion ("Kelts Decl.").  *See* Kelts Decl. Ex. 2 at 28-30.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

4

Case No. 16-cv-07243-BLF (SVK)
AGODA'S NOTICE OF MOTION, MOTION AND MPA ISO MOTION FOR SUMMARY JUDGMENT

As part of the booking process, a customer must enter booking details (*e.g.,* name, email, mobile number), either by signing into an Agoda account, which auto-populates the information, or by choosing to "Continue as Guest," which requests manual input of the same. *See* Kelts Decl. Ex. 2 at 28. The customer then proceeds to the payment details page, where the customer is presented with the statement: "*I agree with the privacy policy and general terms by booking this room*," directly above the "Book now" button. *Id.* at 29. The terms "privacy policy" and "general terms" appear in blue text linking to Agoda's Privacy Policy and Terms of Use, thus allowing a customer to view and scroll through the full text of each by clicking on the appropriate link. *Id.* The payment details page also states that Agoda will send confirmation of the customer's booking to the email address provided. *Id.* Further, before making the booking, the customer can choose to "opt in" or "opt out" to receive marketing promotions from Agoda by checking or unchecking the marketing promotions box. *See* Declaration of Richard Lyne in Support of Motion for Summary Judgment ("Lyne Decl.") at ¶ 6. After making a booking, the customer is taken to a confirmation page with both the booking ID and reservation details. *See* Kelts Decl. Ex. 2 at 30. The App confirmation page also shows options to "Add to Wallet," "Add to Calendar" and "Manage my booking." *Id.* Once the third party hotel confirms the customer's reservation with Agoda, Agoda sends a text message confirmation to the customer. *Id.* Only when the customer either completes his or her stay at the hotel, or cancels the booking, is the transaction complete.

**B.    The Transmission of Text Messages**

Due to the nature of its business in facilitating bookings around the globe for international travelers, Agoda uses text messaging to communicate with its customers globally. Agoda does not send text messages to customers directly, but rather contracts with a third party global messaging service provider, Clickatell, to do so. *See* Kelts Decl. Ex. 1 at ¶¶ 5, 8.[6] However, Clickatell only sends text messages to Agoda customers who have (i) provided their phone number while making a

---

[6] Clickatell (Pty) Limited ("Clickatell") is a South African limited company, with a U.S. affiliate, Clickatell, Inc. This Exhibit 1 is the Declaration of Daniel Krige, Vice President of Technology at Clickatell (the "Krige Declaration"). During the course of discovery, Clickatell voluntarily produced to Agoda, and Agoda sent to Plaintiff, the Krige Declaration, which explained an accompanying spreadsheet reflecting data relating to text messages Clickatell attempted to send in 2016, on Agoda's behalf, to customers presumed to be in the United States (based on their area codes).

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

5

Case No. 16-cv-07243-BLF (SVK)
AGODA'S NOTICE OF MOTION, MOTION AND MPA ISO MOTION FOR SUMMARY JUDGMENT

reservation on Agoda's website and/or mobile App, and (ii) consented to receive them by agreeing to the Terms of Use and Privacy Policy.  *See* Kelts Decl Ex. 2 at 7.

While use of text messages in this context may be Agoda's general "global" practice, Agoda's communications with customers presumed to be located in the United States have been an exception.[7]  In fact, Agoda's only scheduled use of text messages for customers with U.S. area codes was confined to an approximate one month period from October 12, 2016, through November 21, 2016 (the "Relevant Period").[8]  *See* Kelts Decl. Ex. 2 at 34.  During the Relevant Period, text messages (including the four Plaintiff received) were only sent to mobile numbers with a U.S. area code for the limited purposes of booking confirmations, payment issues and verifying customer telephone numbers with one-time passwords.  *See id.* at 36.

## C.    The Global Terms of Use and Privacy Policy

For the entire time period referenced in Plaintiff's Complaint,[9] a customer's use of the Agoda website was governed by Agoda's global Terms of Use and global Privacy Policy.  *See id.* at 8.  As explained in Agoda's discovery responses, the Terms of Use and Privacy Policy have been in effect since approximately 2013, and have remained without material changes.  *See* Kelts Decl. Ex. 2 at 8. Both are included by hyperlink during all Agoda booking processes and are accessible by hyperlink when browsing Agoda's website and/or mobile App.  *See id.* at 8, 30.  When making a travel reservation with Agoda, a customer explicitly agrees to Agoda's Terms of Use and Privacy Policy through what is known as a "sign-on-wrap" agreement.[10]

In relevant part, Agoda's Terms of Use includes an agreement from customers to receive confirmatory messages via text (or "SMS"), stating:

---

[7] While Clickatell internally presumed a U.S. location of these phone numbers based on their area codes, Agoda and Clickatell are unable to determine the actual geographic location of customers using a number with a U.S. area code.  *See* Kelts Decl. Ex. 1 at ¶¶ 18-19.  It is possible, and not uncommon, to use a phone number with a U.S. area code through a mobile device or online (VoIP) service regardless of physical location.  *See* Siarkiewicz Decl. ¶ 7.

[8] Agoda acknowledges that due to a temporary issue with a bug in its code, one or more additional texts may have been sent to phone numbers with a U.S. area code outside the Relevant Period.  *See* Kelts Decl. Ex. 2 at 34-35.

[9] The Complaint references a putative class of individuals in the United States who received at least one text from Agoda since October 16, 2013.  *See* ECF No. 1-2 (hereinafter "Complaint").

[10] *See Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 78 (2d Cir. 2017) (holding publication of terms and conditions via hyperlink put users on inquiry notice of the relevant terms, including a mandatory arbitration provision under California law), discussed *infra*, Section V(C)(2).

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

> ***By completing a booking, you agree to receive confirmation messages (email and/or SMS)***, *as well as invitation emails to complete our guest review form which we will promptly send to you after your stay at the Accommodation, followed by one or more reminders. Completion is optional.* ***For clarity, the confirmation and guest review communications (email, SMS) are transactional*** *and are not part of the newsletters or marketing mails, from which you can unsubscribe (see our Privacy Policy for more details).*

*See id.* at 8; Ex. 3 (emphasis added).[11]

Similarly, Agoda's Privacy Policy informs customers that any text messages would be sent for the business purpose of confirming a requested booking, providing, in relevant part:

> ***Please note that the confirmation emails and text messages sent after your booking, as well as the guest review emails sent after your departure, are not marketing messages. These messages are part of your accommodation reservation process.*** *Respectively,* ***they contain information for you to check in at your booked accommodation***, *and tools to optionally rate that accommodation after your stay. You will continue to receive them, even if you have opted out of our marketing messages.*

*See id.* Ex. 2 at 8; Ex. 4 (emphasis added).

**D.      Plaintiff's Bookings with Agoda**

According to Agoda's records, Plaintiff has made a total of 21 reservations through the website or App, beginning on or around November 19, 2013, and continuing through at least January 13, 2017 – *after* Plaintiff filed this action. *See id.* Ex. 2 at 15.  With each booking, Plaintiff voluntarily provided his phone number and agreed to Agoda's Terms of Use and Privacy Policy. *See id.*  Relevant to this case, Plaintiff booked three hotel reservations through Agoda's website on November 4, 2016, and a fourth reservation on November 10, 2016.  *See* Complaint ¶¶ 18-19; Kelts Decl. Ex. 2 at 14.[12]  After each reservation was complete, Plaintiff received a separate text message from Agoda stating:

> **Good news!  Your Agoda booking [number] is confirmed.  Manage your booking with our free App.**

---

[11] For ease of reference, Agoda has highlighted the relevant portions of the Terms of Use and Privacy Policy in the exhibits submitted concurrently herewith.  *See* Kelts Decl. Ex. 3-4.

[12] Agoda has redacted portions of Plaintiff's phone number, as well as his address and email addresses, from the evidence attached in support of this Motion.

7

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

Case No. 16-cv-07243-BLF (SVK)
AGODA'S NOTICE OF MOTION, MOTION AND MPA ISO MOTION FOR SUMMARY JUDGMENT

*See* Complaint ¶ 21; Kelts Decl. Ex. 2 at 14.[13]  Each of the text messages included a hyperlink to http://app-agoda.com/GetTheApp.  Kelts Decl. Ex. 2 at 14.  The App serves various functions to enhance customers' convenience while traveling, including, among other things, management of travel reservations and access to vouchers, confirmation numbers, maps and other information directly from their mobile devices.  Kelts Decl. Ex. 2 at 31.  It also allows customers to cancel travel bookings at any time, from any location.  *Id.*  Moreover, the App provides "24/7" access to live Agoda agents (in multiple languages), a messaging function to communicate with property hosts and the ability to create new bookings through deals and discounts only available on the App.  *Id.*

Plaintiff even ***chose to receive marketing*** communications from Agoda during the Relevant Period.  *See* Declaration of Kamonchanok Rattanasrimata in Support of Motion for Summary Judgment ("Rattanasrimata Decl.") at ¶ 7.  Specifically, Agoda's data indicates that Plaintiff affirmatively changed his election to receive marketing messages at various times – reflecting an understanding that he could decide whether to consent to marketing messages.  *See id.* ¶¶ 6-7, Ex. A.[14]  Most importantly, Plaintiff asked to receive marketing messages from August 3, 2016 through December 13, 2016 – covering the Relevant Period during which he received the text messages in question.  *See id.* at ¶ 7.

For all of his 21 reservations, Plaintiff never once complained to Agoda about any text messages he received confirming his bookings – other than this lawsuit.  *See* Kelts Decl. Ex. 2 at 27; Ex. 5 at 20.  In fact, *after* receiving the first of four text messages that he now takes issue with in this litigation, Agoda's records show that Plaintiff continued to book reservations through Agoda's website and mobile App – and even used the App's "Map" function under the "My Bookings" page a total of 60 times after November 4, 2016, which allowed him to locate his booked properties on a map in relation to various attractions.  *See* Rattanasrimata Decl. ¶¶ 9-10, Ex. B.[15]

---

[13] The text messages sent to Plaintiff are also reflected in Exhibit A to the Siarkiewicz Declaration. *See* Siarkiewicz Decl. ¶ 6, Ex. A.  This exhibit reflects four messages with the status "Delivered to gateway," which correspond to the four texts about which Plaintiff complains.  *See* Complaint ¶ 21. The Krige Declaration voluntarily produced from Clickatell to Agoda explains that Plaintiff would not have received any messages with a "Routing error" status.  *See* Kelts Decl. Ex. 1 ¶ 11.
[14] Exhibit A to the Rattanasrimata Declaration reflects a status of "0" for a marketing opt-out, and "1" for a marketing opt-in.  *See id.*
[15] The column reflecting "PlaceService" in Exhibit B to the Rattanasrimata Declaration indicates Plaintiff's use of the map function.  *See id.*  Further, the "booking_id" entries in Exhibit B

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: +1 415 576 3000

### E.     Plaintiff Files this TCPA Action

On November 14, 2016, a mere *three days* after receiving the last text message at issue herein, Plaintiff filed his Complaint in the Superior Court of California for the County of Santa Clara against Agoda, Agoda International USA Inc., and The Priceline Group Inc.  *See* Complaint.  On December 19, 2016, the various defendants removed the Complaint to this Court.  ECF No. 1 (Notice of Removal).  On January 23, 2017, the parties stipulated to Plaintiff's voluntary dismissal without prejudice of Agoda International USA Inc. and The Priceline Group Inc.  ECF No. 12 (Stipulation of Voluntary Dismissal).  On January 26, 2017, Agoda filed its Answer to the Complaint.  ECF No. 15 (Defendant Agoda's Answer to Complaint).  The parties exchanged Initial Disclosures on May 8, 2017, and subsequently engaged in written discovery.  Agoda now moves for summary judgment on the grounds that Plaintiff's claims fail as a matter of law.

## IV.     <u>LEGAL STANDARD</u>

Summary judgment is "an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action.'"  *Celotex Corp v. Catrett*, 477 U.S. 317, 322-23, 325 (1986).  Summary judgment is appropriate where there is no genuine dispute of material fact such that the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a).  A moving party satisfies its burden by pointing out that there is an absence of evidence to support the nonmoving party's case or by presenting evidence that negates an essential element of the nonmoving party's case.  *See Celotex*, 477 U.S. at 322-23, 325.

When the moving party has carried its burden, the nonmoving party must respond with specific facts, supported by admissible evidence, showing a genuine issue for trial.  Fed. R. Civ. P. 56(c), (e).  But these allegedly disputed facts must be material – the existence of only "some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  Summary judgment prior to the close of discovery is proper where further discovery would be futile.  *See* Fed. R. Civ. Proc. 56(b), (d); *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006); *Villa v. Tyco Elecs. Corp.*, No. C 10-00516 MHP, 2011 U.S. Dist. LEXIS 1697, at *5-7 (N.D.

---

correspond to Plaintiff's discovery responses.  *See id.*; Kelts Decl. Ex. 5 at 10-11.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

Cal. Jan. 7, 2011) (granting summary judgment in putative class action, denying request for further discovery absent showing that it would reveal facts creating genuine dispute of material fact).

## V.   <u>ARGUMENT</u>

### A.   Plaintiff's Text Messages are Not the Type of Communications the TCPA was Intended to Prohibit

The TCPA was enacted by Congress with the intent to protect consumers from floods of harassing and unwanted calls and communications that are an invasion of privacy. *See ACA Int'l v. FCC*, 885 F.3d 687, 692 (D.C. Cir. 2018) (citing TCPA). The business confirmation text messages Plaintiff received are quite simply ***not*** the type of nuisance communications that the TCPA was designed to stop. Because Plaintiff cannot establish facts supporting his claim for violations of the TCPA, his attempt to exploit its statutory recoveries is without merit, and the Court should grant summary judgment in Agoda's favor.

"The TCPA was created in response to the ever increasing consumer complaints regarding telemarketing calls." *See Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1045 (9th Cir. 2017) (affirming summary judgment in favor of defendants where plaintiff consented to receive text messages by providing his phone number during gym membership enrollment). The Ninth Circuit acknowledged that in passing the TCPA, "Congress sought to protect consumers from the unwanted intrusion and nuisance of unsolicited telemarketing phone calls and fax advertisements." *See id.* at 1043 (citing the TCPA); *see also Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (quoting TCPA congressional findings that "[m]any consumers are outraged over the proliferation of intrusive, nuisance [telemarketing] calls to their homes") (alterations in original). "Because the TCPA is a remedial statute," *Van Patten*, 847 F.3d at 1047, the courts approach the question of whether a message constitutes harassing advertising or telemarketing with "***a measure of common sense***." *See Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 915-18 (9th Cir. 2012) (emphasis added) (finding repeated automated calls urging plaintiff to redeem reward points constituted telemarketing because such points could only be used on future purchases). Here, common sense dictates that Plaintiff's text messages do not constitute the type of intrusive, harassing, invasion of privacy level harm that the TCPA was designed to address.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

Case No. 16-cv-07243-BLF (SVK)
AGODA'S NOTICE OF MOTION, MOTION AND MPA ISO MOTION FOR SUMMARY JUDGMENT

To establish a claim under the TCPA, a plaintiff must allege that (1) defendant called (or texted) a cellular telephone number; (2) using an automatic telephone dialing system; (3) without plaintiff's/recipient's consent. *See Drew v. Lexington Consumer Advocacy LLC*, No. 16-cv-00200-LB, 2016 U.S. Dist. LEXIS 52385, at *11 (N.D. Cal. Apr. 18, 2016). As it concerns the "consent" requirement, the TCPA prohibits automated calls or messages to consumers' mobile numbers without first obtaining that consumer's consent. *See* 47 U.S.C. § 227(b)(1). It is sufficient to obtain "prior express consent," unless the communications include advertising or constitute telemarketing – then, a party is required to obtain "prior express ***written*** consent." 47 C.F.R. at §§ 64.1200(a)(1) and (2) (emphasis added).

With this closer look at the intention behind the TCPA, Plaintiff's text messages are clearly not the type of communications the statute was meant to prohibit. They were instead text messages sent to an existing customer (with his express consent) to confirm his booking and advise him of a tool to manage that booking – an ongoing business transaction that would not be complete until *after* his stay at the hotel. No harassment. No nuisance. No invasion of privacy.

Accordingly, the Court should deny Plaintiff the financial windfall he seeks by recasting basic customer support services (that he consented to) into a baseless TCPA class action lawsuit. The case should be dismissed on this Motion in its entirety because no TCPA violation has occurred.

**B. Plaintiff's Text Messages Were Transactional Booking Confirmations, Not Marketing Messages**

The Court should grant summary judgment in Agoda's favor because the text messages Plaintiff received from Agoda were merely transactional – and thus, permissible under the TCPA. These text messages served a limited business function to inform customers (1) that their bookings were reserved with the third party hotel and (2) that the mobile App could be used while traveling to locate and modify the booking prior to the completion of a customer's stay. The inclusion of a hyperlink to the mobile App in the text messages does not automatically transform them from confirmatory business messages to marketing messages.

As it concerns the inclusion of a hyperlink in the text message, courts in the Ninth Circuit have reached the same conclusion and dismissed putative TCPA class actions on similar facts. For

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

example, in the recent *Mackinnon* decision, the Eastern District of California granted the defendant's

motion to dismiss where the plaintiff was asked for and provided his mobile phone number in

making a dinner reservation at a restaurant owned by the defendant. 2017 U.S. Dist. LEXIS 195444

at \*1-2. The restaurant later sent the plaintiff a text confirming his reservation, including a hyperlink

where the plaintiff could view specials. *Id.* at \*2. The plaintiff acknowledged that he expressly

consented to receive a reservation confirmation by providing his phone number, but argued that the

message included advertising such that prior express written consent was required. *Id.* **The**

***Mackinnon court rejected this argument outright***, holding that "the phrase 'View specials' does not

somehow convert the text message into an advertisement," where the plaintiff initiated the

transaction by making a reservation and the link to view specials "would have facilitated [the

plaintiff's] dining transaction by allowing him to view specials on his cellphone before sitting down

for dinner." *Id.* at \*4-5. The *Mackinnon* court further concluded that the plaintiff had provided

"express consent to receive a text message regarding his dinner reservation by providing his phone

number," such that no TCPA violation occurred. *Id.* at \*6. Courts in other jurisdictions have

reached the same conclusion. *See Reese v. Marketron Broad Sols. Inc.*, No. 18-1982, 2018 U.S.

Dist. LEXIS 77319, at \*14, \*17 (E.D. La. May 8, 2018) (granting motion to dismiss TCPA claim,

holding that "[a]lthough the linked website allegedly offered tickets for other concerts in the New

Orleans area, this alone does not transform Marketron's message into telemarketing"); *Edelsberg v.*

*Vroom, Inc.*, No. 16-cv-62734, 2018 U.S. Dist. LEXIS 50420, at \*11-12, \*19 (S.D. Fla. Mar. 27,

2018) (granting defendant's motion for summary judgment and rejecting argument that link to

website transformed text message into "dual purpose" marketing message under TCPA).

     The same is true of Agoda's text messages to Plaintiff here. The hyperlink to download

Agoda's App in the text messages served the same purpose as the hyperlink at issue in *Mackinnon* –

namely, facilitating Plaintiff's booking by allowing him to view and manage that information while

in transit. And, like in *Mackinnon*, Plaintiff also consented to receive these confirmatory messages

by providing Agoda with his phone number in initiating his commercial transaction. *See id.*

     Other case law supports the same conclusion. For instance, in *Aderhold v. car2go, N.A.*

("*Aderhold I*"), No. C13-489RAJ, 2014 U.S. Dist. LEXIS 26320 (W.D. Wash. Feb. 27, 2014), the

12

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

Case No. 16-cv-07243-BLF (SVK)
AGODA'S NOTICE OF MOTION, MOTION AND MPA ISO MOTION FOR SUMMARY JUDGMENT

plaintiff submitted an online registration form for a car sharing service and immediately received in response an email with a link as well as a two sentence text message with an activation code, directing the plaintiff to enter the code into the emailed link.  The plaintiff claimed that the text constituted telemarketing under the TCPA because it "directed him to place an activation code into an email that ultimately connected to the car2go website which contains promotions for the car2go service."  *Id.* at *25.  The *Aderhold I* court reasoned that there was "no indication that the text was intended for anything other than the limited purpose stated in its two sentences: to permit [the plaintiff] to complete registration," and dismissed the plaintiff's TCPA claim.  *Id.* at *26.  The Ninth Circuit affirmed, looking at the content of the message and noting that it "contains no content encouraging purchase of car2go services," but rather was directed to ***completing*** a commercial transaction (*i.e.*, a registration process).  *Aderhold v. car2go N.A., LLC* ("*Aderhold II*"), No. 14-35208, 2016 U.S. App. LEXIS 16596, at *2 (9th Cir. Sept. 9, 2016) (emphasis added).  The *Aderhold II* court noted that under relevant FCC regulations, messages sent with a purpose to ***confirm*** a commercial transaction are ***not*** advertisements.  *Id.*; *see also Mackinnon*, 2017 U.S. Dist. LEXIS 195444 at *4 (quoting *In re Rules & Regs. Implementing the Tel. Consum. Prot. Act of 1991*, 21 FCC Rcd. 3787, 3812 at ¶ 49 (F.C.C., Apr. 6, 2006)) (providing that messages "whose purpose is to facilitate, ***complete, or confirm*** a commercial transaction that the recipient has previously agreed to enter into with the sender are not advertisements") (emphasis added); *Wick v. Twilio*, No. C16-00914RSL, 2016 U.S. Dist. LEXIS 151482 (W.D. Wash. Nov. 1, 2016) (concluding text messages concerning an incomplete website order, with hyperlink to the website, where plaintiff provided his phone number, did not rise to the level of telemarketing).

The same was also true in *Daniel v. Five Stars Loyalty, Inc.*, No. 15-cv-03546-WHO, 2015 U.S. Dist. LEXIS 159007 (N.D. Cal. Nov. 24, 2015).  In *Daniel*, the defendant sent the plaintiff a text message requesting the plaintiff's email address in order to complete the plaintiff's rewards program registration.  *Id.* at *3.  The *Daniel* court rejected the plaintiff's theory that the purpose of the text was "to encourage the customer to return and make additional purchases by expressly offering the enticement of free points . . . and to collect additional information ([*i.e.,*] an email address), which furthers Five Stars' own marketing efforts, as well as the sales efforts of

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

13

Case No. 16-cv-07243-BLF (SVK)
AGODA'S NOTICE OF MOTION, MOTION AND MPA ISO MOTION FOR SUMMARY JUDGMENT

1    participating merchants." *Id.*  In granting the defendant's motion to dismiss, the *Daniel* court

2    determined that the text message did not encourage the plaintiff to redeem the points, "did not direct

3    him to a location where points could be redeemed or where more information about the Five Stars

4    program could be obtained, and did not reference shopping or purchasing." *Id.* at *14-15.

5            Like the text messages in the above cases, Agoda's transactional text messages to Plaintiff

6    served a limited function of confirming his bookings and informing him of a mechanism to manage

7    his bookings while traveling, which bookings and travel would not be complete until after Plaintiff's

8    stay at the hotel.  The text messages contain no content encouraging future bookings or other

9    purchases with Agoda.  *See Aderhold I*, 2014 U.S. Dist. LEXIS 26320 at *2.  Even where the

10   contents of a text message may have some tangential connection to a potential future purchase (as

11   was true in *Wick* and *Daniel*, where completion of the transaction could have led the plaintiffs to

12   make future purchases), a text message advising consumers of a resource available to modify a

13   business transaction in progress – at no charge – does not constitute marketing.  *See Wick*, 2016 U.S.

14   Dist. LEXIS 151482 at *9 (finding plaintiff failed to allege "that the text or call offered or

15   encouraged the purchase of any product other than the free sample for which plaintiff submitted his

16   information"); *Daniel*, 2015 U.S. Dist. LEXIS 159007 at *14-16 (granting motion to dismiss on

17   grounds that text regarding free points did not encourage purchase of goods or services).

18           Further, Plaintiff's text messages should not be considered marketing communications

19   simply because they included a reference and hyperlink to Agoda's App.  *See Smith v. Blue Shield of*

20   *Cal. Life Health Ins. Co.*, 228 F. Supp. 3d 1056, 1067-68 (C.D. Cal. 2017) (granting motion for

21   summary judgment on grounds that informational voice message about Blue Shield health plans

22   encouraging recipients to visit defendant's website was not telemarketing under TCPA because any

23   commercial purpose was too attenuated); *see also Reese v. Anthem, Inc.*, No. 17-07940, 2018 U.S.

24   Dist. LEXIS 39909, at *12-13 (E.D. La. Mar. 12, 2018) (finding text message containing hyperlink

25   to website information on CPR courses was informational and not telemarketing, and granting

26   motion to dismiss on grounds that "[t]his resource is the type of communications Plaintiff wanted

27   and signed up to receive").

28

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

Agoda expects that Plaintiff will attempt to "hang its hat" on dicta in *San Pedro-Salcedo v. Häagen-Dazs Shoppe Co.*, No. 5:17-cv-03504-EJD, 2017 U.S. Dist. LEXIS 168532 (N.D. Cal. Oct. 11, 2017). Specifically, *Häagen-Dazs* involved a plaintiff's enrollment in a rewards program for an ice cream store. The plaintiff visited the store and the cashier orally asked her if she would like to enroll in a rewards program for discounts on future purchases. *Id.* at *2. The cashier asked for the plaintiff's telephone number, which she provided orally. *Id.* The same day, the plaintiff received a text message stating: "*Thank you for joining Häagen-Dazs Rewards! Download our app here.*" *Id.* The Häagen-Dazs app could be used to locate Häagen-Dazs stores, place orders online, and get offers and coupons. *Id.* Important to the *Häagen-Dazs* court's opinion was the fact that the transactions between plaintiff and Häagen-Dazs – the purchase of ice cream and enrollment in the Häagen-Dazs rewards program – were arguably complete before the plaintiff received the text message. *Id.* at *6-7. The *Häagen-Dazs* court on this fact distinguished *Daniel* and *Aderhold I* – the above-discussed reward program and registration process cases – where the texts at issue in those cases were sent to facilitate completion of an ongoing transaction. *See Häagen-Dazs*, 2017 U.S. Dist. LEXIS 168532 at *6-7.

Unlike the situation in *Häagen-Dazs*, Plaintiff here contracted with Agoda to book reservations for future travel and accommodations. As such, at the time that Agoda received the text messages in question, the purpose for which Plaintiff conducted business with Agoda had not yet been carried out, let alone completed. Instead, the text messages served to both (1) confirm that Plaintiff's requested bookings with third party properties through Agoda's platform had been reserved, and (2) inform Plaintiff of various mechanisms to access his booking information and manage his bookings through Agoda's App prior to his actual hotel stay. Only upon the completion of Plaintiff's stay at the hotel would the entire business transaction with Agoda be complete. In fact, Plaintiff could arguably modify or cancel the reservation at any time prior to that date.

Moreover, at least as far as the court's opinion suggests, *Häagen-Dazs* did not involve the plaintiff's agreement to a single written disclosure or any terms and conditions advising her that she would receive text messages as a result of providing her phone number or enrolling in the rewards program. *See id.* at *2-3. In contrast, Plaintiff here consented to receive transactional, confirmation

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

SMS messages when agreeing to Agoda's written Terms of Use and Privacy Policy on its website and App. *See* Kelts Decl. Exs. 3-4.

Not only is *Häagen-Dazs* entirely distinguishable on its facts, but it was a ***pleadings stage*** decision on a motion to dismiss – in another TCPA case filed by Plaintiff's counsel. Accepting the plaintiff's allegations as true, and construing the alleged facts in the light most favorable to her, *Häagen-Dazs* held only that the plaintiff had pled enough to avoid dismissal – where the text messages at issue did not serve a functional purpose in the context of the transaction in question. *Id.* at *7. The *Haagen-Dazs* decision did not address the case on the merits of the law and facts, and therefore, does not preclude summary judgment here. With ample and recent case law to the contrary, Plaintiff cannot demonstrate that his text messages constituted marketing material in violation of the TCPA simply because they included a hyperlink to Agoda's mobile App. Accordingly, the Court should grant summary judgment in favor of Agoda.

**C.    Plaintiff Gave His Express Consent to Receive Text Messages from Agoda**

Plaintiff's own Complaint, together will all relevant evidence, conclusively demonstrates that he consented to receive text messages by (a) providing Agoda with his mobile phone number and (b) agreeing to Agoda's Terms of Use and Privacy Policy, which disclosed that Agoda would send him these transactional text messages. These two facts establish the "prior express consent" required under the TCPA for business confirmation text messages. Accordingly, Plaintiff's TCPA claim fails because he ***consented*** to receive text messages and the Court should therefore grant summary judgment in Agoda's favor.

On October 16, 2013, the FCC further clarified the TCPA to draw a distinction between those circumstances when companies needed *prior express consent*, as compared to when they needed *prior express **written** consent*. The original standard of prior express consent (i.e., providing a phone number) remains sufficient to permit general business communications via text message. *See Aderhold I*, 2014 U.S. Dist. LEXIS 26320, at *6. Prior express written consent is required only if the text message "includes or introduces an advertisement or constitutes telemarketing." *See Meyer v. Bebe Stores, Inc.*, No. 14-cv-00267-YGR, 2015 U.S. Dist. LEXIS 12060, at *10 (N.D. Cal. Feb. 2, 2015) (quoting 47 C.F.R. § 64.1200(a)(2)) (finding written consent

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

Case No. 16-cv-07243-BLF (SVK)
AGODA'S NOTICE OF MOTION, MOTION AND MPA ISO MOTION FOR SUMMARY JUDGMENT

required for text message offering "10% OFF reg-price in-store/online"). The TCPA's implementing regulations define "advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services" and "telemarketing" as "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. §§ 64.1220(f)(1) and (12). The Ninth Circuit follows the FCC's determination that messages "whose purpose is to facilitate, *complete, or confirm* a commercial transaction that the recipient has previously agreed to enter into with the sender are *not* advertisements." *Aderhold II*, 2016 U.S. App. LEXIS 16596, at \*3 (emphasis added) (quoting *In re Rules & Regs. Implementing the Tel. Consum. Prot. Act of 1991*, 21 FCC Rcd 3787, 3812 ¶ 49 (Apr. 5, 2006)).

Here, it has been well-established that Plaintiff's receipt of text messages required only *prior express consent*, which was satisfied by him voluntarily providing his phone number to Agoda and agreeing to Agoda's Terms of Use and Privacy Policy.

### 1. Plaintiff Consented to Receive Text Messages by Providing His Phone Number to Agoda for Such Communications

The Ninth Circuit and FCC have made clear that "persons who knowingly release their phone number have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." *Baird v. Sabre Inc.* ("*Baird II*"), 636 Fed. App'x 715, 716 (9th Cir. 2016) (quoting *In re Rules & Regs. Implementing the Tel. Consum. Prot. Act of 1991,* 7 FCC Rcd. 8752, 8769 (Oct. 16, 1992)). On this basis, the Ninth Circuit has granted summary judgment in favor of defendants in multiple TCPA cases based on findings that plaintiffs consented to receive text messages by knowingly providing mobile phone numbers to defendants. *See, e.g.*, *Van Patten*, 847 F.3d at 1040; *Roberts v. PayPal, Inc.*, 621 Fed. App'x 478, 478 (9th Cir. 2015) (affirming summary judgment on grounds that consumer consented to receive text messages by knowingly providing PayPal with his cell phone number); *Smith*, 228 F. Supp. 3d at 1064-65 (granting summary judgment on TCPA claim where plaintiff consented by providing her mobile number, citing cases and noting that "providing one's phone number has generally been deemed to constitute implied consent") (emphasis in original).

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

For example, affirming the lower court's grant of summary judgment for defendant, the court in *Baird II* found that, where plaintiff had provided Hawaiian Airlines with her cellphone number while making a reservation, she had provided the "prior express consent" to receive a text message inviting her to receive flight notification services related to her booking.  636 Fed. App'x at 716; *see also Baird v. Sabre Inc.* ("*Baird I*"), 995 F. Supp. 2d 1100, 1107, 1101 (C.D. Cal. 2014) ("Baird provided her cellphone number to Hawaiian Airlines voluntarily . . . [and therefore] consented to be contacted on her cellphone about flight-related matters.").  Similarly, in *Aderhold II*, the court concluded that no TCPA violation occurred where the transactional text message at issue was sent after plaintiff provided his phone number in defendant's registration process.  2016 U.S. App. LEXIS 16596, at *3; *see also Aderhold I*, 2014 U.S. Dist. LEXIS 26320, at *6.

Courts in other jurisdictions have also reached the same conclusion.  *See, e.g.*, *Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1308 (11th Cir. 2015) (affirming district court's dismissal of TCPA case, finding appellant gave prior express consent to receive text messages when he gave the appellee his phone number on a donor information sheet).  Similarly, FCC rules and opinions indicate that there is no TCPA violation when a phone number is voluntarily provided, because that person has in essence requested or consented to the contact.  *See In re Rules & Regs. Implementing the Tel. Consum. Prot. Act of 1991*, 7 FCC Rcd 8752, 8769 (Oct. 16, 1992) ("[A]ny telephone subscriber who releases his or her telephone number has, in effect, given prior express consent to be called by the entity to which the number was released . . . . [P]ersons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary.").

Plaintiff similarly consented to receive text messages from Agoda by providing his phone number when booking accommodations through the website and mobile App, thereby establishing the requisite prior express consent under the TCPA.

## 2. Plaintiff Consented to Receive Text Messages by Agreeing to Agoda's Terms of Use and Privacy Policy Disclosing Such Communications

Further, when Plaintiff created an account with Agoda – and every time thereafter, when he made a booking – he had the opportunity to review, and ultimately agree to (or reject), Agoda's

18

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

Case No. 16-cv-07243-BLF (SVK)
AGODA'S NOTICE OF MOTION, MOTION AND MPA ISO MOTION FOR SUMMARY JUDGMENT

Terms of Use and Privacy Policy.  As explained in the Factual Background section above, both the **Terms of Use** and the **Privacy Policy** included express disclosures that (i) by completing a booking, Plaintiff consented to receive SMS confirmation messages and (ii) these confirmation text messages were in fact transactional, and thus, not marketing messages.  *See supra* Section III(C).

The Ninth Circuit has held a plaintiff's agreement to a defendant's terms of use and privacy policy sufficient to establish the requisite TCPA "prior express consent" to receive text messages. For example, in *Haysbert v. Navient Solutions, Inc.*, No. CV 15-4144 PSG (Ex), 2016 U.S. Dist. LEXIS 30720 (C.D. Cal. 2016), the court granted summary judgment on the plaintiff's TCPA claim where he expressly consented to receive text messages from the defendant by agreeing to the terms of use on the defendant's website, as well as executed forms that included the same consent language.  *Id.* at *3-5.  The *Haysbert* court held that the terms of the webpage, enforceable between the parties, "count as prior express consent for Plaintiff to receive automated phone calls from Defendant."  *Id.* at *26-27.

Even more relevant to the facts herein, federal courts routinely enforce online terms and conditions against consumers when a website provides notice to users that, by clicking to make a purchase, they agree to be bound by the website's terms and conditions – otherwise referred to as "sign-in-wrap" agreements.  *See Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 78 (2d Cir. 2017) (holding publication of terms and conditions via hyperlink put users on inquiry notice of relevant terms, including a mandatory arbitration provision, under California law); *McLellan v. Fitbit, Inc.*, No. 3:16-cv-00036-JD, 2018 U.S. Dist. LEXIS 11712, at *7 (N.D. Cal. Jan. 24, 2018); *McKee v. Audible, Inc.*, No. CV 17-1941-GW(Ex), 2017 U.S. Dist. LEXIS 217391, at *25-28 (C.D. Cal. Oct. 26, 2017); *Selden v. Airbnb, Inc.*, No. 16-cv-00933 (CRC), 2016 U.S. Dist. LEXIS 150863, at *13-15 (D.C. Cir. Nov. 1, 2016).  As explained above, Agoda's booking process put Plaintiff on inquiry notice that his completion of a booking would constitute agreement to the Terms of Use and Privacy Policy, where those policies were presented in the form of a blue text hyperlink directly above the "Book now" button, as follows: "*I agree with the privacy policy and general terms by booking this room.*"  *See supra* Section III(A).  Accordingly, Plaintiff has failed in his assertion that Agoda did

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

1    not obtain his consent to transmit text messages confirming his booking and informing him of the

2    mobile App functions.

3          For these consent-based reasons alone, the Court should grant summary judgment in Agoda's

4    favor on Plaintiff's TCPA claim.  *See Reyes v. Educ. Credit Mgmt. Corp.*, No. 3:15-cv-00628-BAS-

5    JMA, 2016 U.S. Dist. LEXIS 66821, at *11 (S.D. Cal. May 19, 2016) (granting summary judgment

6    in defendant's favor on TCPA claim where plaintiff provided prior express consent).

7          **3.      Plaintiff Consented to Such Communications and Marketing Messages By
              Opting In to Receive Marketing Communications**

8

9          What is more, even assuming *arguendo* that the text messages in question constituted

10   marketing, and thus would be subject to the higher standard of prior express *written* consent,

11   Plaintiff's argument that he did not provide the requisite consent is equally unsuccessful because ***he***

12   ***opted in to receive marketing messages,*** as described above.  *See supra* Section III(D).

13         Numerous courts, including the Supreme Court and the Ninth Circuit, have addressed

14   marketing opt-ins by consumers and indicated that a consumer's completion of such an opt-in

15   operates as consent to receive marketing messages.  In *Campbell-Ewald Co. v. Gomez* (on *writ* from

16   the Ninth Circuit), the Supreme Court addressed a situation in which the U.S. Navy had sent

17   marketing text messages to certain individuals after they opted-in to receive them.  136 S. Ct. 663,

18   667 (2016).  While the opinion focused primarily on issues of standing and sovereign immunity, the

19   Supreme Court also suggested that a marketing opt-in would constitute express consent to receive

20   promotional texts under the TCPA.  *Id.* at 673-74 ("[T]he Navy authorized Campbell to send text

21   messages only to individuals who had 'opted in' to receive solicitations . . . [and] consented to

22   receiving messages like the recruiting text").

23         District Courts in California have followed suit by acknowledging that an opt-in to receive

24   marketing text messages constitutes prior express written consent under the TCPA.  *See Pietzak v.*

25   *Microsoft Corp.*, No. CV 15-5527-R, 2015 U.S. Dist. LEXIS 165204, at *4 (C.D. Cal. Nov. 17,

26   2015) (granting motion to dismiss TCPA claim on grounds that plaintiffs "not only unequivocally

27   expressed their interest in learning more about Microsoft's promotional offers, but also provided

28   their consent to receive that information through text messaging" by voluntarily participating in

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

20

Case No. 16-cv-07243-BLF (SVK)
AGODA'S NOTICE OF MOTION, MOTION AND MPA ISO MOTION FOR SUMMARY JUDGMENT

Microsoft promotions); *Meyer*, 2015 U.S. Dist. LEXIS 12060, at *9-12 (comparing text message asking plaintiff to confirm opt-in with cases where prior marketing opt-in constituted consent).

Courts in jurisdictions outside the Ninth Circuit have similarly concluded that text messages do not violate the TCPA when transmitted to a consumer who opted-in to receive such messages. *See, e.g.*, *Blow v. Bijora, Inc.*, 855 F.3d 793, 805 (7th Cir. 2017) ("[T]here is nothing in the cases [the plaintiff] cites that is inconsistent with our conclusion that giving her cell number to [the company] . . . and later texting directly to opt in to the text club amount to express consent to texts about [the company's] discounts, in-store promotions, and special events.").

As noted above, Agoda's booking process provides customers with the choice to "opt in" or "opt out" of marketing messages. *See supra* Section III(A). Here, Plaintiff actually **opted in**. In fact, Agoda's data indicates that Plaintiff affirmatively changed the marketing consent opt-in (*on* and *off*) at various times, reflecting his knowledge that he could decide whether to consent to marketing messages. *See* Rattanasrimata Decl. ¶¶ 6-7, Ex. A. Of most importance herein, Plaintiff **opted in** to receive marketing messages from August 3, 2016 through December 13, 2016 – covering the Relevant Period in November 2016 during which he received the text messages in question. *See supra* Section III(D); Rattanasrimata Decl. ¶ 7. Therefore, even if these text messages constituted marketing (they do not), Plaintiff gave his express *written* consent by opting in to receive marketing messages during the Relevant Period, thereby undermining his claim under the TCPA.

**D.    Plaintiff Waived His Rights to a TCPA Claim by Agreeing to Agoda's Terms of Use and Privacy Policy in Advance and by Continuing to Make Bookings and Use the App After Receiving the Confirmatory Texts**

Plaintiff's TCPA claim also fails because his ratifying actions effectively ***waived*** his rights to assert such statutory violations. District Courts in California have recognized that plaintiffs may waive TCPA claims where they agree to terms and conditions that expressly indicate text messages will be sent. In particular, the *Haysbert* court rejected the plaintiff's argument that his agreement to the defendant's website terms was "substantively unconscionable because it forced consumers to waive their privacy rights under Federal law in the form of 'consenting' to be autodialed." 2016 U.S. Dist. LEXIS 30720, at *25, *28 (C.D. Cal. 2016). The *Haysbert* court's refutation of plaintiff's claim went so far as to point out that he had a choice to proceed on defendant's website and was

21

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

Case No. 16-cv-07243-BLF (SVK)
AGODA'S NOTICE OF MOTION, MOTION AND MPA ISO MOTION FOR SUMMARY JUDGMENT

1   properly held to the "short, straightforward, and unambiguous" terms.  *Id.* at *25; *see also Barnes v.*

2   *Conn Appliances, Inc.*, No. 3:16-cv-413 HTW-LRA, 2018 U.S. Dist. LEXIS 25256, at *8 (S.D.

3   Miss. Feb. 15, 2018) (acknowledging contractual waiver of TCPA protections through clause

4   authorizing text messages through automatic dialing system at phone number provided).

5          Other courts in the Ninth Circuit have even recognized that a contractual waiver of TCPA

6   claims may constitute a valid affirmative defense.  *See Joseph v. TrueBlue, Inc.*, No. C14-5963 BHS,

7   2015 U.S. Dist. LEXIS 17403, at *4-5 (W.D. Wash. Feb. 11, 2015) (acknowledging clause in

8   plaintiff's contract stating: "I waive any right to a legal action under the Telephone Consumer

9   Protection Act, or any similar state or federal law, in connection with any telephone contact from

10   Company"); *Delgado v. Progress Fin. Co.*, No. 1:14-cv-00033-LJO-MJS, 2014 U.S. Dist. LEXIS

11   61010, at *3, *12-14 (E.D. Cal. May 1, 2014) (finding TCPA case arose out of disclosure agreement

12   through which plaintiff authorized contact by "SMS text messages" and "agree[d] that such

13   [messages] will not be unsolicited calls for [TCPA] purposes").  Like the contract provisions at issue

14   in both *Joseph* and *Delgado*, the Terms of Use and Privacy Policy governing Plaintiff's relationship

15   with Agoda expressly specified that he "agree[d] to receive confirmation messages (email and/or

16   SMS)," and that "the confirmation emails and text messages sent after your booking" were

17   "transactional," and "not marketing messages."  *See supra* Section III(C); Kelts Decl. Exs. 3-4.

18   Plaintiff's agreement to these provisions constitutes an advance waiver and forecloses any argument

19   that the text messages he received violated the TCPA.

20          Additionally, Plaintiff also waived any right to bring a TCPA claim with his subsequent

21   ratifying conduct, whereby he made additional bookings with Agoda and continued using the App

22   *after* receiving the first allegedly offending text message.  Specifically, after receipt of the first text

23   message, Plaintiff booked at least four travel reservations through Agoda's website and mobile App,

24   and used the App's "Map" function under the "My Bookings" page a total of 60 times.  *See*

25   Rattanasrimata Decl. ¶ 10.  Plaintiff has even admitted in his sworn interrogatory responses (and

26   Agoda's records confirm) that he never made one complaint to Agoda regarding the text messages

27   that are now the very basis of his lawsuit.  *See* Kelts Decl. Ex. 2 at 27; Ex. 5 at 20.  Specifically,

28   when asked in Agoda's Interrogatory No. 14 to describe any complaints made to Agoda relating to

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

22

Case No. 16-cv-07243-BLF (SVK)
AGODA'S NOTICE OF MOTION, MOTION AND MPA ISO MOTION FOR SUMMARY JUDGMENT

the text messages, Plaintiff responded, subject to a number of objections, that: "other than the within lawsuit, he does not presently recall ever delivering any complaint to Defendant about Defendant's text messages." *See id.* Ex. 5 at 20.  And notably, after receiving the first text on November 4, Plaintiff did not then opt out of marketing messages, but continued to make more bookings and use the app – only opting out weeks *after filing this lawsuit*.  Plaintiff's advance waiver by agreement to the Terms of Use and Privacy Policy and later waiver by conduct, therefore precludes him from now raising a TCPA claim against Agoda.

### E.   Plaintiff's Claims Are Also Waived Because He Agreed to be Governed by an Enforceable Singapore Choice of Law and Venue Clause

As an additional reason supporting summary judgment here, Plaintiff agreed to a mandatory Singapore choice of law and venue clause, meaning the TCPA does not apply here.  As described above, use of Agoda's website and App, including by Plaintiff and any putative class members, is governed by Agoda's Terms of Use and Privacy Policy.  The Terms of Use contain the following exclusive choice of law and venue clause, providing that Singapore law and courts shall govern:

> *The Terms of Use and the provision of our services shall be **governed by and construed in accordance with the laws of Singapore without reference to Singapore conflict of laws rules, and any dispute arising out of the Terms of Use and the services of Agoda Companies shall exclusively be submitted to the competent courts in Singapore**. The Contracts (Rights of Third Parties) Act 2001 (Cap. 53B) is expressly excluded and shall not Apply to the Terms of Use.*

*See* Kelts Decl. Ex. 3 (emphasis added).

California District Courts regularly enforce contractual clauses providing that TCPA claims should be brought in a different forum.  *See, e.g.*, *Mogannam v. First Fin. Merch. Servs.*, No. 15-CV-00827-TLN-CKD, 2016 U.S. Dist. LEXIS 17822 (E.D. Cal. 2016) (granting dismissal on *forum non conveniens* motion and enforcing forum selection clause in TCPA case); *Mendoza v. Ad Astra Recovery Servs.*, No. 2:13-cv-06922-CAS(JCGx), 2014 U.S. Dist. LEXIS 1716 (C.D. Cal. 2014) (ordering plaintiff to arbitrate TCPA claim pursuant to enforceable arbitration clause); *Brown v. DIRECTV, LLC*, No. CV 12-08382 DMG (Ex), 2013 U.S. Dist. LEXIS 90894 (C.D. Cal. 2013) (enforcing arbitration clause in TCPA case); *McNamara v. Royal Bank of Scot. Grp., PLC*, No. 11-cv-2137-L(WVG), 2012 U.S. Dist. LEXIS 158580 (S.D. Cal. 2012) (compelling arbitration of

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

Case No. 16-cv-07243-BLF (SVK)
AGODA'S NOTICE OF MOTION, MOTION AND MPA ISO MOTION FOR SUMMARY JUDGMENT

TCPA claims pursuant to arbitration clause in credit card agreement); *see also Pinkus v. Sirius XM Radio Inc.*, No. 16 C 10858, 2017 U.S. Dist. LEXIS 77904 (N.D. Ill. May 23, 2017) (enforcing forum selection clause and dismissing TCPA claims on *forum non conveniens* grounds); *see also Bey v. Citi Health Card*, No. 15-6533, 2017 U.S. Dist. LEXIS 103812 (E.D. Pa. July 6, 2017) (enforcing arbitration agreement and finding South Dakota law applied pursuant to choice of law clause).

Choice of law and venue clauses are enforced by courts in the Ninth Circuit and other jurisdictions even where they may preclude statutory claims. *See Palomino v. Facebook, Inc.*, No. 16-cv-04230-HSG, 2017 U.S. Dist. LEXIS 2971 (N.D. Cal. Jan. 9, 2017) (granting motion to dismiss with prejudice based on choice of law clause in Facebook terms of service, despite fact that enforcement of clause would preclude claim under New Jersey TCCWNA). For instance, in *Franklin v. Facebook, Inc.*, No. 1:15-CV-00655-LMM, 2015 U.S. Dist. LEXIS 159891 (N.D. Ga. Nov. 24, 2015), the court enforced a forum selection clause in Facebook's online terms and conditions and granted a motion to transfer venue to this District. *Id.* at *2, *13. The court found that the Plaintiff's TCPA claim based on allegedly improper text messages was within the scope of the clause because it arose out of Facebook's services. *Id.* at *6-7. The fact that the parties' choice of forum had the potential to preclude Plaintiff from bringing a consumer protection claim under Georgia law did not negate the terms' enforceability. *See id.* at *11.

The same is true here, where Plaintiff agreed that the provision of Agoda's services would be governed by Singapore law, and claims arising out of such services would be subject to exclusive venue in Singapore. Another court, albeit one in Australia, has recently enforced Agoda's choice of law and venue clause, forcing litigation be brought in Singapore pursuant to the terms. *See Gonzalez v Agoda Company Pte. Ltd.* [2017] NSWSC 1133 (Austl.). Consequently, while Plaintiff's claims fail on the merits under binding Ninth Circuit law as set forth above, they are further subject to dismissal on the grounds that Plaintiff waived them since he agreed they are governed by Singapore law, and he further agreed to only bring any claims against Agoda before the courts of Singapore.

## VI.   <u>CONCLUSION</u>

Plaintiff's theory of the case—that Agoda violated the TCPA by including a hyperlink in four transactional booking confirmation text messages—directly contradicts persuasive Ninth Circuit

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

case law, as well as Plaintiff's own prior express consent to receive these text messages.  This instant action plainly fails to embody the statutory purpose of the TCPA – *i.e.,* to protect consumers from unsolicited robocalls and harassing messages.  The lawsuit should instead be seen for what it really is – Plaintiff's baseless attempt to recast Agoda's carefully designed customer support services as nuisance communications in hopes that he can generate a financial windfall from the TCPA's statutorily-prescribed damages.  Without more, this case should not proceed as a matter of law.

The undisputed evidence demonstrates that Plaintiff is unable to present any triable issues in order to salvage his claims because binding and persuasive Ninth Circuit case law supports a conclusion that Agoda's text messages to Plaintiff ***were transactional and not marketing messages***.  Such messages were sent to confirm and facilitate completion of Plaintiff's ongoing business transaction with Agoda.  Further, Plaintiff even ***consented*** to receive these booking confirmation messages by (i) voluntarily submitting his phone number in the booking process, (ii) agreeing to Agoda's Terms of Use and Privacy Policy, and (iii) even opting in to receive marketing messages.

Plaintiff further ***waived*** any right to challenge the text messages under the TCPA.  First, he did so – in advance – by agreeing to Agoda's Terms of Use and Privacy Policy, which specified both that Plaintiff agreed to receive text messages from Agoda and that the booking confirmation messages did not constitute marketing.  Second, he also waived any TCPA claims when he continued to book reservations with Agoda and use its App functions after receiving the text messages in question.  Finally, Plaintiff waived any TCPA claim by agreeing to a mandatory Singapore governing law and venue clause.

For all of the foregoing reasons, the Court should grant summary judgment for Agoda.

Dated: June 21, 2018                                      **BAKER & McKENZIE LLP**

By: /s/Teresa H. Michaud
            Teresa H. Michaud
            Attorneys for Defendant
            AGODA COMPANY PTE. LTD.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000