# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| AN PHAN,<br><br>    Plaintiff,<br><br>v.<br><br>AGODA COMPANY PTE. LTD.,<br><br>    Defendant. | Case No. 16-cv-07243-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL**<br><br>[Re: ECF 52] |

Before the Court is Plaintiff An Phan's ("Plaintiff") administrative motion to seal portions of Plaintiff's motion to continue class-certification expert-witness designation deadlines. *See* ECF 52. In its motion, Plaintiff seeks to file several documents designated confidential by Defendant Agoda Company PTE. LTD. ("Defendant") under seal. *See* ECF 52. Defendant filed a declaration in support of sealing portions of the documents in Plaintiff's motion, as well as seeking to seal several additional documents filed in support of its opposition to Plaintiff's motion to continue class-certification expert-witness designation deadlines. *See* ECF 56. For the reasons discussed below, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's motion to seal.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden

1 of overcoming the presumption with "compelling reasons" that outweigh the general history of
2 access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d
3 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under

the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

Because a motion to continue deadlines is not dispositive, only good cause is required to justify sealing. Plaintiff opposes sealing all of the information, but it has filed the instant motion pursuant to the local rules because Defendant has designated the information confidential. *See* Civ. L.R. 79-5. Defendant responds via declaration by seeking to seal a narrow subset of the information Plaintiff moves to seal.

Defendant also seeks through its declaration to seal additional documents not included in Plaintiff's motion. To seal such documents, Defendant must independently move to seal them; a declaration alone is insufficient, as the Court cannot rule on a declaration. Defendant thus must file unredacted versions of these documents in the public record no earlier than 4 days and no later than 10 days from the date of this order.

The Court's rulings on Plaintiff's sealing requests are set forth in the table below:

| ECF No. | Document To Be Sealed | Results | Reasoning |
|---|---|---|---|
| 52-4 | Plaintiff's Motion to Continue Class-Certification Expert-Witness Designation Deadlines | 1:7–8 – DENIED<br>3:25–27 – DENIED<br>4:9–12 – DENIED<br>4:17–19 – DENIED<br>4:25–28 – DENIED<br>5:2–9 – DENIED<br>5:26–28 – DENIED | Defendant seeks to seal only pages 3:25–27, 4:9–12, 4:25–28, and 5:26–28 of Plaintiff's motion. *See* Thompson Decl. ISO Mot. ¶ 19, ECF 56-2. But none of these excerpts disclose details contained in the limited portion of the deposition of Niwat Limvanitcharat that Defendant seeks to seal—namely, how queries are run or how Defendant supports its servers. As |

3

| | | | |
|---|---|---|---|
| | | | such, as to these portions, the motion is denied. The remainder is denied because Defendant, the designating party, has not filed a declaration in support of the sealing. Civ. L.R. 79-5(e). Plaintiff is ORDERED to file a version of this document in the public record no earlier than 4 days and no later than 10 days from the date of this order. |
| 52-6 | Declaration of David Zelenski in Support of Plaintiff's Motion to Continue Class-Certification Expert-Witness Designation Deadlines | 5:12–13 – DENIED 5:21–24 – DENIED 5:26–27 – DENIED 5:28–6:10 – DENIED 6:11 – DENIED 6:14 – DENIED 6:21 – DENIED | Defendant seeks to seal only pages 5:26–27 and 5:28–6:10 of the Zelenski Declaration in support of Plaintiff's motion. *See* Thompson Decl. ¶ 19. But none of these excerpts disclose details contained in the limited portion of the deposition of Niwat Limvanitcharat that Defendant seeks to seal— namely, how queries are run or how Defendant supports its servers. As such, as to these portions, the motion is denied. The remainder is denied because Defendant, the designating party, has not filed a declaration in support of the sealing. Civ. L.R. 79-5(e). Plaintiff is ORDERED to file a version of this document in the public record no earlier than 4 days and no later than 10 days from the date of this order. |
| 52-8 | Deposition of Niwat Limvanitcharat – Exhibit 7 to the Declaration of David Zelenski in Support of Plaintiff's Motion to Continue Class-Certification Expert-Witness Designation Deadlines | Entire transcript – DENIED 19:1–7 – MOOT 92:8–93:23 – GRANTED | Good cause exists to seal lines 92:8–93:23 because the pages disclose confidential, sensitive business information regarding how Defendant runs queries in its database, as well as the software product Defendant uses to support its servers. *See* Limvanitcharat Decl. ISO Mot. ¶ 6, ECF-56-4. Defendant keeps this information confidential, and release of such information could expose Defendant to cyber security threats. *See id.* This request is also narrowly |

| | | | tailored to sealable information only. |
| --- | --- | --- | --- |
| | | | Plaintiff also seeks to seal lines 19:1–7, which Defendant supports, but the excerpts of the transcript Plaintiff submitted do not actually contain this page. For this reason, the request is MOOT. |
| | | | The remainder is denied because Defendant, the designating party, has not filed a declaration in support of the sealing. Civ. L.R. 79-5(e). |
| | | | Plaintiff is ORDERED to file a version of this document in the public record with only the sealable information redacted no earlier than 4 days and no later than 10 days from the date of this order. |

## III. ORDER

Plaintiff's motion is GRANTED as to lines 92:8–93:23 of Exhibit 7 to the Declaration of David Zelenski in Support of Plaintiff's Motion to Continue Class-Certification Expert-Witness Designation Deadlines. Plaintiff's motion is DENIED as to the remainder. Plaintiff is ORDERED to file an unredacted version of these documents in the public record with only the sealable information redacted no earlier than 4 days and no later than 10 days from the date of this order.

Defendant's additional requests to seal made via declaration are insufficient. Defendant thus must file unredacted versions of these documents in the public record no earlier than 4 days and no later than 10 days from the date of this order.

**IT IS SO ORDERED.**

Dated: October 19, 2018

_____
BETH LABSON FREEMAN
United States District Judge